meeting with her on many occasions to discuss and schedule visitation and plans for the future and the eventual return of Roderick, and by offering her any help that she needed (see Social Services Law, § 384-b, subd 7, par [f]). The agency repeatedly warned her that she must visit her child regularly and participate in his care and interact with him if a good relationship was to develop between them. In view of this determination, whether respondent's failure to plan for the child's future was established by clear and convincing evidence is immaterial (see *Matter of Orlando F.*, 40 NY2d 103, 109-110). The other issues raised by respondent are found to be without merit. (Appeal from order of Monroe County Family Court, Bonadio, J. — permanent neglect.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.

■ EULOGIO CONDE, Appellant, v LULA M. CONDE, Respondent. (Appeal No. 1.) — Judgment unanimously affirmed, without costs (see mem in *Conde v Conde* [Appeal No. 2], 96 AD2d 747). (Appeal from judgment of Supreme Court, Erie County, Wolf, J. — divorce.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.

■ EULOGIO CONDE, Appellant, v LULA M. CONDE, Respondent. (Appeal No. 2.) — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: In a judgment granting the parties' mutual divorce in an action governed by the Equitable Distribution Law (Domestic Relations Law, § 236, part B), the court referred financial matters to a hearing officer. Following hearings by the referee, the court issued its order determining maintenance and distribution of the parties' property. No report or recommendations of the referee appears in the record. The court made no findings and did not "set forth the factors it considered and the reasons for its decision" (Domestic Relations Law, § 236, part B, subd 5, par g; subd 6, par b). Although appellant appeals from both the judgment and the order, he does not contest the grant of mutual divorce, nor does he dispute the authority of the court to refer the financial matters. Thus, we affirm the judgment. With respect to the order, appellant argues that it must be reversed because of failure of the court to "set forth the factors it considered and the reasons for its decision" and because the financial awards to respondent are excessive. Respondent does not cross appeal. We agree that since the court failed to comply with section 236 (part B, subd 5, par g; subd 6, par b), the order may not stand. The order insofar as it determines the property rights of the parties and awards maintenance pursuant to the Equitable Distribution Law is reversed and the matter is remitted to the Trial Justice for appropriate findings of fact and conclusions of law and for further proof on equitable distribution and maintenance if the court is so advised (see *Hanford v Hanford*, 91 AD2d 829). Accordingly, we do not reach the merits of the financial determinations. (Appeal from order of Supreme Court, Erie County, Wolf, J. — maintenance.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE C. McGOHAN, Appellant. — Judgment, insofar as it imposes sentence, unanimously modified, as a matter of discretion in the interest of justice, by changing the sentence to five years' probation and otherwise judgment affirmed and matter remitted to Cayuga County Court for further proceedings, in accordance with the following memorandum: In our view, considering all the circumstances of this case as well as the probation report, confinement for the term imposed is inappropriate. Defendant has had no prior contacts with the law. Except for the acts to which defendant admitted and for which he pleaded guilty (grand larceny in the second degree), defendant has always