JACKIE M. JABLONSKI, Respondent, v RICHARD JABLONSKI, Appellant. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this action defendant appeals from a judgment: (1) granting plaintiff a divorce on the ground of cruel and inhuman treatment; (2) awarding plaintiff custody of their two minor sons; (3) ordering defendant to pay support of $40 per week per child; (4) ordering defendant to pay $1,000 for plaintiff's counsel fees; and (5) denying defendant's counterclaim for divorce. Although we affirm these aspects of the court's judgment, it is necessary to comment on the child custody and child support awards. While the court erred in not referring to the evidentiary facts or the ultimate conclusion that the best interests of the children would be served by their remaining in plaintiff's custody (CPLR 4213, subd [b]; *Matter of Jose L.I.,* 46 NY2d 1024), reversal is not required because the well-developed record before us supports the award. The court found that, although plaintiff's life-style leaves much to be desired, her care for the children was that of a caring and dutiful mother who kept the children clean and acted in their best interest. Additionally, it found that defendant spent very little time at the marital residence during the last two years of the marriage and that he has also engaged in extramarital relations. Accepting those findings which are supported by the record and considering also the testimony that plaintiff is better able to care for the children, that she was the primary custodian for the two years immediately preceding the divorce and the two years since then and also that a change in custody is likely to be disruptive, we hold that the children's best interests are served by their remaining with plaintiff. ¶ Similarly, while the court also erred by failing to "set forth the factors it considered and the reasons" for its child support award (Domestic Relations Law, § 236, part B, subd 7, par b; *Patrizio v Patrizio,* 96 AD2d 1149; *Conde v Conde,* 96 AD2d 747), there are sufficient facts in the record to support the award and, therefore, reversal is not required (*Schor v Schor,* 97 AD2d 460; *Damiano v Damiano,* 94 AD2d 132). Here, the $40 per week per child support award is

proper since the record shows: that defendant earned, net after taxes, nearly $80 per week more than plaintiff who was receiving disability payments at the time of trial; that, when plaintiff returns to work, she will earn, net after taxes, $10 per week less than defendant and will additionally incur $35 per week in child care expense; that plaintiff incurred more weekly expenses than defendant; that plaintiff received no maintenance under the decree; that the award will apparently enable the children only to enjoy the current standard of living; that defendant, as a college graduate, has a greater earning capacity than plaintiff; and, finally, that plaintiff, as custodial parent, will have to bear more of the nonmonetary support for the children. Under these circumstances, the trial court's award was proper under the statute and was not so excessive as to be an abuse of discretion (Domestic Relations Law, § 236, part B, subd 7, par a; *Newmark v Newmark,* 97 AD2d 537). ¶ Based on the court's memorandum accompanying the judgment and the relief it awarded, we conclude that the court intended to and impliedly did dismiss the counterclaims; however, it neglected to do so expressly in the judgment. Thus, the judgment is modified to dismiss defendant's counterclaims. ¶ We have considered defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Ricotta, J. — divorce.) Present — Hancock, Jr., J. P., Callahan, Denman, Moule and Schnepp, JJ.