■ In the Matter of ROBESENA W., Respondent, v GEORGE B. D., Appellant.—In a proceeding to establish paternity pursuant to Family Court Act article 5, George B. D. appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Friedman, J.), dated September 14, 1987, as, *inter alia,* confirmed the findings and recommendation set forth in the report of a Hearing Examiner and ordered him to make support payments in the amount of $100 a week and provide medical insurance for the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to Family Court Act § 545, the respective means of the parents and their earning abilities are factors to be considered in determining an award of child support. Although a support obligation cannot be evaded by a voluntary reduction in earnings *(see, e.g., Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941; *Kay v Kay,* 37 NY2d 632), a review of the record reveals that this is not such a case. The mother's

decision to enroll in law school when the child was 17 months old did not result in an unfair shifting of the burden of support to the appellant since the court allocated approximately 43% of the child's needs to the mother. Furthermore, the mother's pursuit of a law degree increases her potential to provide support in the future and should not be viewed as motivated by a desire to evade her obligations to the child.

We find that the court properly weighed the needs of the child and the parents' respective means in establishing the amount of the appellant's support payments (see, Creem v Creem, 121 AD2d 676; Matter of Kathy G. J. v Arnold D., 116 AD2d 247, lv dismissed 68 NY2d 713, cert denied 479 US 1054). The appellant's contention that the child's expenses were inflated is not supported by the record, as the evidence presented by the mother at the hearing was largely undisputed. In addition, while the court found that the appellant's net income exceeded that of the mother by almost $500 a week, only approximately 57% of the child's needs were allocated to him (see, e.g., Jeanne M. v Richard G., 96 AD2d 549, appeal dismissed 61 NY2d 637, rearg denied 61 NY2d 905). We also find that the court did not err in requiring the appellant to include the child on his health insurance plan.

Finally, we decline to reach the issue of counsel fees since the record does not contain a notice of appeal from the order directing the appellant to pay such fees. Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.