■ T. ROBERT FERLO, Respondent, v JEANETTE C. FERLO, Appellant.—Order unanimously modified on the law and facts and as modified affirmed without costs, in accordance with the following memorandum: In 1986, the trial court, following a nonjury trial, granted each party a divorce upon the ground of cruel and inhuman treatment, denied defendant's application for maintenance and child support, and distributed the marital property. Upon the application of both parties, the court reopened the trial and heard further evidence on their financial circumstances. The court then issued an order adhering to its initial determination. Defendant appeals from that order.

The trial court erred, in its judgment of divorce and in its subsequent order, by failing to discuss the factors it considered and how those statutory factors were applied to its distribution of marital property and to its denial of child support and maintenance (Domestic Relations Law § 236 [B] [5] [d]; [6] [a]; [7] [a]; *O'Brien v O'Brien,* 66 NY2d 576; *Norgauer v Norgauer,* 126 AD2d 957; *Jablonski v Jablonski,* 103 AD2d 1006). The record is sufficient, however, to enable this court to review the trial court's determination and to make the necessary findings *(see, O'Brien v O'Brien, supra,* at 589).

We conclude that defendant was entitled to an award of child support. When this case was initially tried, the youngest of the parties' two daughters was attending college, and defendant was employed as a part-time salesperson in a department store, earning about $3,000 per year. Defendant also received rental income from three properties. The plaintiff had voluntarily terminated his employment as a radar operator for General Electric and was enrolled full time in a teacher education program at a four-year college. The trial court concluded that plaintiff had the right to pursue his educational objectives and that he lacked the income to support his daughter. We disagree.

A parent's obligation to provide child support is based upon the ability or capacity to support, not the actual economic situation at the time of trial *(Kay v Kay,* 37 NY2d 632, 637; *Tsoucalas v Tsoucalas,* 140 AD2d 333; *Matter of Moore v Moore,* 115 AD2d 894, 896), and a parent cannot voluntarily reduce earnings and thereby evade those support obligations *(Matter of Robesena W. v George B. D.,* 145 AD2d 426). Although a parent's decision to pursue further education may ultimately benefit a former spouse and children *(see, Matter of Robesena W. v George B. D., supra),* that is not the case here. By the time plaintiff completes his education, the child will be over 21. Plaintiff conceded that he could have continued in his

employment as a radar operator, made no claim that his educational objective—a teaching degree—would lead to greater financial reward, and advanced no reason why he could not pursue that education on a part-time basis, as he had done during the marriage. We find that plaintiff's full-time education was not undertaken in good faith and that his daughter is not required to forego support in order to underwrite that education.

At the time of trial, the daughter was in good health and resided with defendant, who was providing about $100 per month for her daughter's necessaries as well as all of the nonmonetary contributions. Prior to the separation of the parties, plaintiff had sufficient income and resources to support his daughter, and his interest in the marital property provides an ample source for the payment of support. No evidence was presented regarding special circumstances warranting the payment of college expenses. Relying principally upon plaintiff's earning capacity and financial resources, defendant's nonmonetary contributions and minimal income and the demonstrated needs of the child, we conclude that defendant is entitled to an award of child support in the sum of $100 per month, effective April 16, 1986 (date of counterclaim for support).

The trial court denied defendant an award of maintenance because of plaintiff's lack of income and, apparently, because the court perceived that maintenance was not necessary since defendant had been given the greater share of the marital real estate. As previously noted, plaintiff's decision to terminate employment and pursue an education is not an excuse for nonpayment of support or maintenance. Moreover, although the court distributed two of three properties to defendant plus $10,000, it directed that she pay the mortgages on all of the properties and made no direction with respect to $12,100 of marital debt incurred by defendant prior to trial. The result is that plaintiff received $30,820, or approximately 33% of the net assets. We conclude that the distribution of assets was not equitable.

Defendant has the capacity to be self-supporting. In addition to being a licensed practical nurse, she could be employed full time as a retail salesperson without the need for further training. At the time of trial, the parties were in their late 30's, in good health, and each possessed the capacity to earn income well into the future. Under the judgment of divorce, defendant also received rental income from the two properties to supplement her wages. We conclude that an equitable

distribution of assets can be achieved only by selling the real properties and that, in lieu of maintenance, defendant is entitled to a distributive award of $5,000 to enable her to adjust to the loss of rental income that will result from sale of the properties.

With respect to equitable distribution, we find that statutory factors (clauses) (4), (9), (11), and (12) (Domestic Relations Law § 236 [B] [5] [d]) do not apply to this case. The parties submitted no evidence regarding tax consequences, and we will not consider that factor (Domestic Relations Law § 236 [B] [5] [d] [10]; *see, Lauricella v Lauricella,* 143 AD2d 642; *Gluck v Gluck,* 134 AD2d 237). This was a marriage of long duration (20 years) in which plaintiff has been the wage earner and defendant the homemaker, and plaintiff's earning capacity has been, and probably will continue to be, twice that of defendant. Both parties physically contributed to property repairs, and defendant was active in management of the properties. In our view, those factors support an equal division of the real property, which should be sold and the net proceeds divided. In calculating "net proceeds", the marital debt of $12,100 existing at the time of trial should be deducted from the gross proceeds. Defendant should retain all rental income earned since the judgment of divorce and be obligated for any unpaid monthly mortgage payments, additional encumbrances, taxes, maintenance or repair expenses. Any such unpaid expenses should be deducted from defendant's share of the proceeds.

Accordingly, we modify the order appealed from to award defendant child support in the sum of $100 per month retroactive to April 16, 1986, to direct that the real properties be sold and that the marital debt of $12,100 be paid (or defendant reimbursed) out of the proceeds, to direct that the net proceeds be evenly divided in accordance with this decision, to direct that defendant retain all rental income earned since the judgment of divorce and be obligated for any unpaid monthly mortgage payments, additional encumbrances, taxes, maintenance or repair expenses and to direct that plaintiff pay to defendant an additional distributive award of $5,000 and child support in the total sum of $3,500 from plaintiff's share of the net proceeds. (Appeal from order of Supreme Court, Oneida County, Tenney, J.—equitable distribution.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.