■ In the Matter of DANA J. SALTZMAN, Respondent, v PAUL I. FRIEDMAN, Appellant. [641 NYS2d 31] —Order, Supreme Court, Bronx County (Susan Larabee, J.), entered on or about March 30, 1994, which confirmed in part the decision of the Hearing Examiner awarding petitioner wife an increase in child support from $62.50 a week plus all of the child's tuition and cloth-

ing expenses to $173 a week, unanimously affirmed, without costs.

Respondent husband's child support obligation was appropriately increased on the ground that petitioner wife's income and the amount of child support originally agreed to were inadequate to meet the child's present needs (*Brescia v Fitts*, 56 NY2d 132). Although the husband's annual income had decreased slightly between the date the parties signed the separation agreement and the date the wife moved for an increase in child support, his hourly wages had increased by approximately 12% and he failed to provide sufficient evidence to justify his failure to meet his earning potential by working overtime and as a substitute teacher, as he had previously done (*Hickland v Hickland*, 39 NY2d 1, 5-6, *cert denied* 429 US 941). For her part, the evidence established that her decision to go back to school was made in good faith (*compare, Matter of Robesena W. v George B. D.*, 145 AD2d 426, *with Ferlo v Ferlo*, 152 AD2d 980), and that it was a substantial change in circumstances for the husband to cease babysitting 25 hours a week for the parties' child and to cease giving the wife $570 a month to hire a babysitter in his place. Viewed as a whole, these circumstances rise to the level required in *Brescia v Fitts* (*supra*), and justify the court's substantial increase in child support, bringing the husband's obligation in line with the Child Support Standards Act guidelines. Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.