FRAIDA ORTIZ, Respondent, v RAFAEL ORTIZ, Appellant. [701 NYS2d 559] —Order unanimously affirmed without costs. Memorandum: In this divorce action, the parties entered into an agreement that resolved all issues concerning equitable distribution except which party should be awarded exclusive use and possession of the marital residence. Defendant appeals from an order limiting his award of counsel fees to $500 and awarding exclusive use and possession of the residence to plaintiff. We agree with defendant that Supreme Court's failure to rule on his application for maintenance is deemed a denial of that application (*see, Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864). Although the court failed to set forth the factors it considered with respect to maintenance, the record is sufficient for us to make the necessary findings (*see, McLane v McLane*, 209 AD2d 1001, *lv dismissed* 85 NY2d 924; *Maier v Maier*, 201 AD2d 919, 920). The factors relevant to an award of maintenance in this case are the income and property of the

parties, the age and health of the parties, the present and future earning capabilities of the parties, and the ability of defendant to become self-supporting (see, Domestic Relations Law § 236 [B] [6] [a]). The parties are middle-aged and experience health problems. Although defendant maintained that his poor health precludes him from earning a livelihood, he presented no medical evidence to support that claim and acknowledged that a prior application for Social Security disability benefits had been denied. Defendant has a bachelor's degree in accounting and is licensed to sell insurance and securities. He additionally is skilled as a computer programmer and analyst. Although defendant was unemployed at the time of trial, he had worked during the previous year. In considering the income and earning capacity of a party, the relevant consideration is the party's earning capacity, not actual income (see, Hansen v Hansen, 229 AD2d 960, 961; Ferlo v Ferlo, 152 AD2d 980). Defendant failed to establish that his poor health precludes him from gainful employment now or in the foreseeable future, and we conclude that defendant has the ability to be financially self-supporting. Further, defendant has a total net worth in excess of $300,000, including the amount payable to him for his interest in the marital residence. Plaintiff earns approximately $49,000 a year and has an approximate net worth in excess of $100,000, her principal asset being the marital residence. Based upon our consideration of the relevant factors and circumstances set forth above, we conclude that defendant is not entitled to an award of maintenance.

The court properly weighed the financial circumstances of the parties and determined that, because plaintiff is currently in a superior financial position, she has the ability to contribute $500 toward defendant's counsel fees. Because plaintiff's income and expenses are approximately equal and we have concluded that defendant has the capacity to be self-supporting, the court did not abuse its discretion in limiting the amount of counsel fees awarded to defendant (see, Domestic Relations Law § 237 [a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881).

The court properly determined that plaintiff's need for exclusive use and possession of the marital residence outweighs that of defendant. Plaintiff has an established business office in the residence, and she demonstrated the need to accommodate and care for her elderly mother, who has Alzheimer's disease, in the residence. (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Matrimonial.) Present—Green, J. P., Lawton, Wisner, Scudder and Balio, JJ.