KATHERINE A. HENDERSHOTT, Appellant, v RICHARD E. HENDERSHOTT, Respondent. [750 NYS2d 210] —Appeal from those parts of a judgment of Supreme Court, Oneida County (Tenney, J.), entered August 31, 2001, that equitably distributed the parties' marital property and denied plaintiff's request for maintenance.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and facts by awarding plaintiff the Baja boat and the income tax refund in its entirety and as modified the judgment is affirmed without costs. All findings of fact contained in the decision of the Trial Justice that are inconsistent with the memorandum herein are hereby reversed and new findings are made pursuant to CPLR 5712 (c) as contained in the following memorandum: Supreme Court erred in failing to set forth the factors it considered with respect to equitable distribution and maintenance (see Domestic Relations Law § 236 [B] [5] [d]; [6] [a]; Ortiz v Ortiz, 267 AD2d 991, 991; Ferlo v Ferlo, 152 AD2d 980, 980). The record is sufficient, however, to enable this Court to make the necessary findings (see Ortiz, 267 AD2d at 991; Ferlo, 152 AD2d at 980).

With respect to equitable distribution, the marital assets at issue on this appeal are a Nissan Pathfinder, a Baja boat, and an income tax refund in the amount of $1,520. In addition, plaintiff seeks a distributive award or credit for defendant's share of marital debt for which plaintiff is obligated and for defendant's premarital credit card debt in the amount of $3,300 paid during the marriage by borrowing on plaintiff's home equity loan. Although plaintiff is entitled to a credit for the marital debt, she is not entitled to a credit for defendant's premarital debt where, as here, the proportionate share of the monthly payments made by defendant on plaintiff's home equity loan exceeds the amount of his premarital debt. We conclude that plaintiff is entitled to the Baja boat and the income tax refund in its entirety and that defendant is entitled to the Nissan Pathfinder. We agree with plaintiff that she is entitled to a credit of $2,500, representing her interest in that

vehicle based upon the use of her separate property to obtain that marital asset (*see Coffey v Coffey*, 119 AD2d 620, 622; *Parsons v Parsons*, 115 AD2d 289, 290) and to a credit for one half of the marital debt, the court having improperly determined that she is responsible for the entire marital debt. Those credits, however, are offset by defendant's credit for capital gains taxes in the amount of $2,273 as well as contributions to the improvement of plaintiff's separate property and partial payment of plaintiff's premarital debt. In addition, we note that a substantial portion of the marital indebtedness was incurred for improvements to plaintiff's separate property. Contrary to plaintiff's further contention, the court properly determined that defendant is entitled to a credit for his proportionate share of the capital gains taxes resulting from gains in plaintiff's separately-owned mutual fund (*see Carney v Carney*, 202 AD2d 907, 908; *cf. Francis v Francis*, 262 AD2d 1065). We modify the judgment, therefore, by awarding plaintiff the Baja boat and the income tax refund in its entirety.

Finally, in view of the short duration of the marriage and the respective assets and earnings of the parties, the court did not abuse its discretion in denying plaintiff's request for maintenance (*see Prasinos v Prasinos,* 283 AD2d 913, 914). Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.