■ Lorraine Chanin Rachimi, Appellant, v Peter Rachimi, Respondent. [869 NYS2d 414]—

This action to dissolve this 20-year marriage was commenced in 2003, when the parties were in their sixties. At the outset, we reject plaintiff's argument for reversal on grounds that the Referee failed to identify the Domestic Relations Law § 236 (B) (5) (d) factors relied on in his award of equitable distribution, and

to give his reasons for such award (Domestic Relations Law § 236 [B] [5] [g]). Contrary to plaintiff's argument, these factors "do not have to be specifically cited when the factual findings of the court otherwise adequately articulate that the relevant statutory factors were considered" (*Rosenkranse v Rosenkranse*, 290 AD2d 685, 686 [2002]), especially "where a comprehensive record and extensive factual findings provide a basis for informed review" (*Matter of Gulli v Gulli*, 118 AD2d 970, 971 [1986]). The Referee set forth all his factual findings, indicated which testimony he found credible and which was not, cited the appropriate factors to be considered in making an equitable distribution award, and ultimately identified the facts he was relying on in making his award. That he did not specifically state which section 236 (B) (5) (d) factor he was relying on regarding each individual component of the equitable distribution award is not fatal. The relevance of each pertinent factor is clear from the extensive record.

Given all the circumstances and our award of one third of the marital apartment to plaintiff, we reject plaintiff's contention that the Referee erroneously awarded 100% of FCC to defendant.

We find merit, however, in plaintiff's contention that the Referee erroneously concluded the Cedarhurst apartment was a marital asset subject to equitable distribution. While property acquired during the marriage is presumed to be marital in nature (Domestic Relations Law § 236 [B] [1] [c]; *Lischynsky v Lischynsky*, 120 AD2d 824, 826 [1986]), plaintiff's testimony and documentary evidence that she scrupulously maintained the proceeds from the sales of three properties she owned prior to the marriage separate and apart from marital assets, and traced those funds to the subsequent purchase of the Cedarhurst apartment, successfully rebutted the presumption that the apartment was marital property (*see e.g. Sarafian v Sarafian*, 140 AD2d 801, 804-805 [1988]).

We also find that the Referee improperly awarded defendant 100% of the marital apartment on Manhattan's Upper East Side. Considering the relevant section 236 (B) (5) (d) factors, a distributive award to plaintiff of one third (33$\frac{1}{3}$%) of the fair market value of that apartment, determined as of the time of trial (*Wegman v Wegman*, 123 AD2d 220, 232 [1986]), would be equitable under the circumstances. She is entitled to at least some portion of the marital apartment because of her advancing age, poor health, and absence from the work force for most of her adult life, with little prospect of finding employment to generate enough money for her own support. Contrary to the

Referee's conclusion, plaintiff did contribute, financially and otherwise, to the household throughout the course of the marriage. A one-third share is sufficient, however, given that plaintiff has other funds and property in her own name and will be receiving $1,500 per month in maintenance until either of the parties dies or she remarries, and the Referee's finding that she did not contribute equally to the marriage (*see Adjmi v Adjmi*, 8 AD3d 411 [2004]).

Finally, the Referee correctly awarded the Bank Hapoalim account to defendant as his separate property. Even assuming the doctrine of judicial estoppel applies with respect to the contrary position taken by defendant in his prior divorce proceeding that he had no assets (*see Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168, 176 [1998], *lv dismissed* 92 NY2d 962 [1998]), the appropriate remedy is not to transform his separate assets into marital assets.

Plaintiff's invocation of the doctrine of unclean hands is similarly misplaced. She does not argue that defendant deliberately committed perjury in an effort to place assets out of her reach in this action, which would preclude him, as a matter of public policy in order to protect the integrity of the court, from claiming rightful ownership of that property (*see Moo Wei Wong v Wong*, 293 AD2d 387 [2002]). Rather, she argues that his alleged perjury in the prior divorce action was an effort to place assets out of the reach of his *former* wife, and thus the doctrine is inapplicable here.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Catterson and Acosta, JJ.