Barrett v Barrett (2019 NY Slip Op 06329)





Barrett v Barrett


2019 NY Slip Op 06329


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, AND CURRAN, JJ.


688 CA 18-01211

[*1]J. PATRICK BARRETT, PLAINTIFF-RESPONDENT-APPELLANT,
v
CHRISTINE R. BARRETT, DEFENDANT-APPELLANT-RESPONDENT. 






HEISMAN NUNES & HULL, ROCHESTER (RONALD G. HULL OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
MACK & ASSOCIATES, PLLC, ALBANY (BARRETT D. MACK OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from a judgment of the Supreme Court, Onondaga County (Ferris D. Lebous, J.), entered April 2, 2018 in a divorce action. The judgment, among other things, dissolved the parties' marriage. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by awarding plaintiff the entirety of his membership interest in PEG Enterprises, LLC, together with the loan receivable in connection therewith, awarding defendant a one-half remainder interest in the parties' Lake Placid property subject to plaintiff's life estate therein and directing that plaintiff execute a quitclaim deed conveying that interest in the Lake Placid property to defendant, and awarding defendant a $24,513.58 credit for the pension payments to which she was entitled but did not receive as maintenance, and as modified the judgment is affirmed without costs.
Memorandum: In this matrimonial action, defendant wife appeals and plaintiff husband cross-appeals from a judgment of divorce that, inter alia, dissolved the parties' marriage and distributed the marital assets. Initially, we conclude that Supreme Court did not properly consider the relevant factors in Domestic Relations Law § 236 (B) (5) (d) when conducting the equitable distribution of the parties' marital assets (see § 236 [B] [5] [g]; Holterman v Holterman, 3 NY3d 1, 7-8 [2004]). Although the "factors do not have to be specifically cited when the factual findings of the court otherwise adequately articulate that the relevant statutory factors were considered" (Rachimi v Rachimi, 57 AD3d 277, 278 [1st Dept 2008], lv denied 12 NY3d 706 [2009] [internal quotation marks omitted]), here, the court made no effort in its written decisions to articulate that it specifically considered the relevant statutory factors in conducting the equitable distribution. Any apparent reflection of the statutory factors in the court's equitable distribution award does not vitiate the court's statutory responsibility to "set forth the factors that it considered and the reasons for its decision" (§ 236 [B] [5] [g]).
We agree with defendant on her appeal that, given the sufficiency of the record before us, we are able to make the necessary findings and conduct the equitable distribution with consideration of the relevant statutory factors (see Hendershott v Hendershott, 299 AD2d 880, 880 [4th Dept 2002]; Ferlo v Ferlo, 152 AD2d 980, 980 [4th Dept 1989]). Initially, with respect to factor 12—which concerns "the wasteful dissipation of assets by either spouse" (Domestic Relations Law § 236 [B] [5] [d] [12])—we reject defendant's contention that plaintiff dissipated or secreted any marital assets. Rather, the record establishes that the parties' net worth began to decline due to plaintiff's partial retirement, the conduct of the parties' children, and the global financial crisis—all while the parties maintained the lavish lifestyle to which they were accustomed.
Further, we reject defendant's contention that the parties' property located in Skaneateles, New York should not be sold as a marital asset, inasmuch as her argument ignores the fact that the home equity line of credit that the parties took out on this property was a marital asset subject to equitable distribution (see generally Johnston v Johnston, 156 AD3d 1181, 1183-1184 [3d Dept 2017], appeal dismissed 31 NY3d 1126 [2018], lv denied 32 NY3d 1053 [2018]). Several factors in Domestic Relations Law § 236 (B) justify the sale of this property—i.e., defendant is not a custodial parent, the parties' probable future financial circumstances warrant the sale of the property, and there is no evidence of wasteful dissipation of marital assets (see § 236 [B] [5] [d] [3], [9], [12]).
We agree with defendant, however, that the court erred to the extent that it ordered the sale of plaintiff's membership interest in a partnership enterprise of which he was a one-third member, PEG Enterprises, LLC (PEG). The evidence in the record establishes that any transfer of membership interest in PEG requires the consent of all members of the partnership. That restriction on transfer of plaintiff's membership interest, coupled with the unprofitable nature of PEG, suggests that liquidation of that asset is highly unlikely (see Domestic Relations Law § 236 [B] [5] [d] [8], [10]). Thus, we conclude that plaintiff should be awarded the entirety of his interest in PEG, including the loan receivable in connection therewith. To represent defendant's one-half interest in PEG, we further conclude that she should be awarded a one-half remainder interest in the parties' Lake Placid property, subject to plaintiff's life estate therein. We therefore modify the judgment accordingly.
With respect to defendant's half interest in plaintiff's pension and annuity, we agree with defendant that she was entitled to a retroactive award in the form of a credit for $24,513.58. Although she was credited with that amount in calculating the maintenance award as of January 2017, plaintiff did not receive the benefit of that income after that date, and she is therefore entitled to the pension payments to which she was entitled, but did not receive (cf. Tedesco v Tedesco, 41 AD3d 1246, 1247 [4th Dept 2007]). We therefore further modify the judgment accordingly.
With respect to the equitable distribution of the remaining marital assets, we conclude that, after considering the relevant statutory factors, the approximately even split of the parties' remaining assets is equitable—especially in light of the parties' 35-year marriage (see Domestic Relations Law § 236 [B] [5] [d] [2]).
We further conclude that the court did not abuse its discretion in declining to award defendant attorneys' fees, despite being the "less monied spouse" (Domestic Relations Law § 237 [a]), inasmuch as she will receive a significant monetary award as a result of the equitable distribution (see Bennett v Bennett, 13 AD3d 1080, 1083 [4th Dept 2004], lv denied 6 NY3d 708 [2006]; Filkins v Filkins [appeal No. 3], 303 AD2d 934, 935 [4th Dept 2003]).
Plaintiff's contention on his cross appeal that the court erred in awarding defendant nondurational spousal support is not preserved because it is advanced for the first time on appeal (see Zacharek v Zacharek, 116 AD2d 1004, 1005 [4th Dept 1986]; see also Matter of Corr v Corr, 3 AD3d 567, 567 [2d Dept 2004]). In any event, we would conclude that plaintiff is estopped from challenging the nondurational nature of the award, inasmuch as, in a posttrial submission to the court, plaintiff expressly conceded that defendant was entitled to nondurational maintenance, and plaintiff is " precluded from inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in [this] same proceeding' " (Nestor v Britt, 270 AD2d 192, 193 [1st Dept 2000]; see Zito v Zito, 43 Misc 3d 1236[A], 2014 NY Slip Op 50939[U], *3 [Sup Ct, Kings County 2014]).
Finally, we have considered the parties' remaining contentions and conclude that they do not require reversal or further modification of the judgment.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court