■ Herta Levine, Respondent, v Solomon Levine, Appellant. — Appeal from judgment of the Supreme Court, New York County (Burton S. Sherman, J.), entered November 15, 1983, held in abeyance, and the matter remanded to the trial court for the makings of findings of fact as required by CPLR 4213 and section 236 (part B, subd 5, pars d-g) of the Domestic Relations Law. ¶ While examination of the record discloses support for the conclusions of law reached by the trial court in its judgment, we cannot tell the precise findings relied on to reach those conclusions. Accordingly, we remand for such findings (CPLR 4213). Similarly, there are no specific findings with respect to the 10 factors enumerated in section 236 (part B, subd 5, par d), consideration of which under paragraph g of subdivision 5 "may not be waived by either party or counsel". Hence, upon such remand, these findings must also be made. Concur — Ross, Bloom, Lynch and Kassal, JJ.

Milonas, J., dissents in a memorandum as follows: In my opinion, the majority's position herein is not consistent with the recent case law authority and practice of this court. Since section 236 (part B, subd 5, par g; subd 6, par b) of the Domestic Relations Law mandates that the court "set forth the factors it considered and the reasons for its decision", remanding a case for additional findings pursuant to paragraph d of subdivision 5 and paragraph a of subdivision 6 may be an appropriate remedy where such findings have not been made. (*D'Amato v D'Amato,* 96 AD2d 849; *Nielsen v Nielsen,* 91 AD2d 1016; *Hanford v Hanford,* 91 AD2d 829.) However, "where, as here, the record reveals sufficient evidence to afford adequate review on appeal, the decision can be reviewed and modified by the Appellate Division" (*Sementilli v Sementilli,* 102 AD2d 78, 86; see, also, *Wilson v Wilson,* 101 AD2d 536; *Krivitzky v Krivitzky,* 94 AD2d 655; *Duffy v Duffy,* 94 AD2d 711). Thus, it is clear that this court has repeatedly held that a remand for further consideration by the trial court is required only in those instances where the record is inadequate for a proper evaluation of the issues raised on appeal. ¶ In the situation before us, the record is more than ample to enable us to review the trial court's determination and, having examined the record, I am convinced that the evidence contained therein is sufficient to support the court's decision with regard to maintenance and distribution of the marital property. The wife here is in her mid-sixties and can scarcely be expected at that stage in life to return to a full-time job in order to support herself. The trial court determined that she is entitled to receive maintenance of $18,000, or approximately one third of the husband's gross salary, and also granted her the marital apartment, valued at $3,000, as well as 40% of the husband's liquid assets and 40% of the proceeds from jointly held property. Upon the husband's retirement, the maintenance payments are to cease, and he will be obliged to remit 50% of his retirement pension and annuities. This is scarcely an unreasonable award for a partner involved in a 40-year marriage. Moreover, the judgment expressly states that the court considered the factors set forth in the applicable provisions of the Domestic Relations Law, "including but not limited to the duration of the marriage and age and health, and the income and property of the respective parties". The reasons given by the trial court for its ruling appear to me to be

adequate to comply with the statutory requirements. By remanding, do we expect the Supreme Court to detail precisely the degree of significance it attaches to each factor enumerated in the judgment? Yet, this court has already rejected the necessity for a "mechanical application of mathematical formulae" in equitable distribution. (*Sementilli v Sementilli, supra,* p 86.) ¶ Under the circumstances of this case, I fail to perceive any purpose to be served by a remand of the instant matter other than to delay implementation of the Supreme Court's award. Consequently, I believe that both the law and equity warrant an affirmance of the judgment being appealed herein.