■ DIANE E. MAIER, Appellant, v ERIC H. MAIER, Respondent. [607 NYS2d 778] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In May 1990, after nearly 29 years of marriage, plaintiff commenced an action for separation, which was thereafter converted to an action for divorce, on the grounds of cruel and inhuman treatment. During the pendency of the action, plaintiff was awarded temporary maintenance of $100 per week and temporary child support of $250 per week for the parties' two unemancipated children.

Thereafter, defendant withdrew his answer and plaintiff proceeded by default on her allegations of cruel and inhuman treatment. A hearing regarding the financial issues was conducted before a Matrimonial Referee who subsequently prepared a report. Supreme Court confirmed the report except as otherwise indicated. Specifically, as relevant on this appeal, the court declined to award plaintiff maintenance. Further, the court awarded child support of $235.50 per week in accordance with the Child Support Standards Act (Domestic

Relations Law § 240 [1-b]), retroactive to July 29, 1991, the date of the Matrimonial Referee's report. The court also directed that defendant be given a credit of $5,038, representing the amount that the payments of child support and maintenance, made pursuant to the temporary order, exceeded the amount of child support awarded in the judgment of divorce for the 44-week period from July 29, 1991 to May 29, 1992, the date of the judgment of divorce. We modify the judgment as hereafter noted.

Supreme Court erred in directing that the denial of maintenance and the amount of child support awarded by the judgment of divorce be retroactive to July 29, 1991. The court further erred in giving defendant a $5,038 credit for his alleged overpayment of child support and maintenance (see, Domestic Relations Law § 236 [B] [6] [a]; see also, Rodgers v Rodgers, 98 AD2d 386, 389-390). Thus, we modify the judgment by deleting those directions from the fourth decretal paragraph and by substituting therefor a provision that the child support award of $235.50 per week be effective as of the date of entry of the judgment of divorce.

Furthermore, we conclude that Supreme Court erred in denying plaintiff's request for maintenance. Although neither the court nor the Matrimonial Referee set forth the factors considered in denying plaintiff maintenance, the record is sufficient to enable us to enumerate the factors we find determinative in awarding maintenance (see, O'Brien v O'Brien, 66 NY2d 576, 589; Reck v Reck, 149 AD2d 934).

The record establishes that, at the time of the commencement of the action in 1990, plaintiff was employed part-time as a medical secretary, earning approximately $8,000 per year. At the time of trial, she was employed full-time as a medical secretary, earning $15,000 annually. Plaintiff, a high school graduate, is 47 years old, is in fair health and has a limited earning capacity. Defendant has been employed by General Motors for 31 years as an electrician. He is 49 years old, is in good health and has an associate's degree from Erie County Community College. In 1990, he earned $54,902.10, although he projected a lower income for 1991 because he had less overtime wages. Defendant has a vested pension that had a value of $166,421.81 at the time of the commencement of the matrimonial action. Pursuant to the judgment of divorce, when defendant retires, plaintiff is entitled to receive one half of defendant's pension in accordance with the formula adopted in Majauskas v Majauskas (61 NY2d 481). Further, pursuant to the judgment of divorce, the marital residence is to be sold

and plaintiff will receive net proceeds of approximately $20,000.

The record shows that there are two unemancipated children and that plaintiff was awarded custody of them. The older of the two children attends college while the younger resides with plaintiff. The record further establishes that plaintiff was the children's primary caregiver. Finally, during the course of the marriage, the parties enjoyed a comfortable middle-class standard of living. We conclude that plaintiff is entitled to an award of maintenance in the amount of $100 per week, effective as of the date of entry of the judgment of divorce, to be paid until plaintiff commences receiving her share of defendant's pension benefits upon defendant's retirement. We, therefore, further modify the judgment by deleting the sixth decretal paragraph and by substituting therefor a provision awarding plaintiff maintenance as herein specified. In all other respects, the judgment is affirmed. (Appeal from Judgment of Supreme Court, Erie County, Doyle, Jr., J.—Divorce.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.