■ Marijane Lucci, Respondent-Appellant, v Robert Lucci, Appellant-Respondent, Lucci Realty Corp. et al., Respondents, et al., Defendants. [616 NYS2d 222] —In an action, *inter alia,* for a divorce and ancillary relief and to impress a constructive trust, (1) (a) the defendant husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated April 26, 1991, which, after a nonjury trial, *inter alia,* awarded the plaintiff wife counsel fees and costs, and (b) the plaintiff wife cross-appeals, as limited by her brief, from stated portions of the same judgment, which, *inter alia,* (i) denied her application to impress a constructive trust upon one half of the stock of the defendant Lucci Realty Corporation, (ii) determined that the defendant husband's wholly-owned businesses were not marital property subject to equitable distribution, (iii) awarded her maintenance of only $300 per week for four years, and (iv) declined to set aside the transfer of personal property by the defendant husband, and (2) the plaintiff wife further appeals, as limited by her notice of appeal and brief, from stated portions of an order of the same court, entered December 17, 1991, which denied her motion to vacate the judgment of divorce on the ground of newly-discovered evidence.

Ordered that the matter is remitted to the Supreme Court, Westchester County, to set forth the factors considered and the reasons for its determinations as to equitable distribution and maintenance, and the appeals are held in abeyance in the

interim; the Supreme Court shall file its report with this Court with all deliberate speed.

In determining the equitable distribution of the parties' assets and in setting a maintenance award, the Supreme Court failed to set forth the factors it considered and the reasons for its determinations (see, Domestic Relations Law § 236 [B] [5] [g]; [6] [b]). The requirement is mandatory and cannot be waived. Under the circumstances of this case, we find it appropriate to remit the matter to the Supreme Court, Westchester County, to enable it to set forth the factors considered and the reasons for its determinations (see, Capasso v Capasso, 119 AD2d 268, 272; Levine v Levine, 102 AD2d 799; Hornbeck v Hornbeck, 99 AD2d 851; Wilson v Wilson, 101 AD2d 536, 538-539). This Court is cognizant of the fact that retired Justice Gurahian is no longer a sitting Supreme Court Justice, but the matter may be referred to him for further findings in his capacity as a Judicial Hearing Officer, on consent of the parties. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.