■ ELIZABETH A. COSTANZA, Respondent, v ANDREW A. COSTANZA, Appellant. (Appeal No. 3.) [625 NYS2d 960] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not err in awarding counsel fees to plaintiff in the amount of $11,795, representing fees incurred in connection with plaintiff's application for custody and child support. We reject the contention of defendant that the parties' antenuptial agreement proscribes an award of counsel fees incurred in connection with those issues. (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Counsel Fees.) Present— Green, J. P., Wesley, Callahan, Doerr and Davis, JJ.

■ ELIZABETH A. COSTANZA, Respondent, v ANDREW A. COSTANZA, Appellant. (Appeal No. 4.) [625 NYS2d 960] —Order unan-

imously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant contends that Supreme Court erred in directing him to purchase plaintiff's interest in the former marital residence. We agree. In November 1988, pursuant to the parties' antenuptial agreement, plaintiff conveyed her interest in the former marital residence to defendant by quitclaim deed in exchange for a release of her obligations on a $100,000 demand note and on $100,000 in mortgage debt. Contrary to the determination of the court, that conveyance was valid and plaintiff is not entitled to the payment of any additional sums of money in connection with that conveyance. Therefore, we modify the order on appeal by deleting the first ordering paragraph.

Defendant further contends that the court erred in directing him to pay child support in the amount of $760 per week, exclusive of child care and uninsured medical expenses. We agree. The court concluded that the total income of defendant in 1991 for purposes of calculating his child support obligation was $161,728.55. In reaching that conclusion, the court imputed to defendant income from various sources of more than $100,000. We conclude that the court properly imputed to defendant that income except for $8,390, which represents the amount attributed to the costs of a company automobile provided for defendant's use. Plaintiff failed to prove that defendant used that automobile for his personal needs (see, Domestic Relations Law § 240 [1-b] [b] [5] [iv]; Marsh v Fieramusca, 150 Misc 2d 776, 781-782). Thus, the total income of defendant in 1991 for purposes of calculating his child support obligation is $153,338.55. It is not disputed that plaintiff's income in 1991 for purposes of calculating child support was $30,059. Therefore, defendant's income in 1991 represented 84% of the parties' combined income.

Although the Child Support Standards Act requires strict application of the statutory formula to the combined parental income under $80,000 to determine the child support obligation and the noncustodial parent's pro rata share thereof, unless the court finds that such share is unjust and inappropriate, the court is given greater discretion where, as here, the combined parental income exceeds $80,000 (see, Harmon v Harmon, 173 AD2d 98, 110). The court may determine the amount of child support with respect to the amount of income in excess of $80,000 either through consideration of the statu-

tory factors (see, Domestic Relations Law § 240 [1-b] [f]) "and/ or the child support percentage" (Domestic Relations Law § 240 [1-b] [c] [3]).

We conclude that the award of nearly $40,000 per year in child support, exclusive of child care and uninsured medical expenses, is excessive. Although it was appropriate for the court to consider the "standard of living the child would have enjoyed had the marriage or household not been dissolved" (Domestic Relations Law § 240 [1-b] [f] [3]), the award was an improvident exercise of discretion when measured against the reasonable needs of the parties' child (see, Reiss v Reiss, 170 AD2d 589, 591, lv dismissed 78 NY2d 908, lv denied 79 NY2d 758). Under the circumstances of this case, the award of child support should be the sum of $375 per week, exclusive of child care and uninsured medical expenses. Therefore, we further modify the order by deleting the sum of $760 contained in the second ordering paragraph and by substituting the sum of $375. In all other respects, the order is affirmed. (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Child Support.) Present—Green, J. P., Wesley, Callahan, Doerr and Davis, JJ.