■ MARIJANE LUCCI, Respondent-Appellant, v ROBERT LUCCI, Appellant-Respondent, LUCCI REALTY CORP. et al., Respondents, et al., Defendant. [642 NYS2d 326] —In an action, *inter alia,* for a divorce and ancillary relief and to impose a constructive trust, (1) the defendant husband appeals from so much of a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated April 26, 1991, as, after a nonjury trial, awarded the plaintiff wife counsel fees, and the plaintiff wife cross-appeals, as limited by her brief, from stated portions of the same judgment, which, *inter alia,* (a) dismissed her causes of action to impose a constructive trust upon one half of the stock of Lucci Realty Corp., (b) failed to award her a share of the husband's wholly-owned businesses on the ground that they were not marital property subject to equitable distribution, (c) awarded her maintenance of only $300 per week for four years and vacated a pendente lite order of support, and (d) failed to set aside the transfer of personal property by the husband, and (2) the plaintiff wife appeals from so much an order of the same

court, entered December 17, 1991, as denied her motion to vacate the judgment of divorce and direct a new trial on the ground of newly-discovered evidence. By decision and order of this Court dated August 8, 1994, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Westchester County, to set forth the factors considered and the reasons for its determinations as to equitable distribution and maintenance (*see, Lucci v Lucci,* 207 AD2d 386). The Supreme Court, Westchester County, has filed its report.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the second decretal paragraph thereof and substituting therefor a decretal paragraph awarding the plaintiff pendente lite maintenance arrears from July 9, 1986, to the date of the defendant's application for relief from the temporary order, and (2) deleting the 3rd, 6th, 14th, and 15th decretal paragraphs; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith and for entry of an appropriate amended judgment; and it is further,

Ordered that the order dated December 17, 1991, is affirmed insofar as appealed from, without costs or disbursements.

We find that the Supreme Court erred in canceling the arrears which accrued under the temporary maintenance order dated September 9, 1986 (awarding temporary maintenance as of July 9, 1986), prior to the defendant's application for relief from the order. Domestic Relations Law § 244 provides that a court shall not issue an order reducing or canceling arrears which have accrued prior to the making of an application for relief from a judgment or order unless the defaulting party shows good cause for failure to make an application prior to the accrual of such arrears and the facts and circumstances constituting good cause are set forth in a written memorandum decision (*see also, Harris v Harris,* 259 NY 334; *Conklin v Conklin,* 90 AD2d 817). Retroactive payments of permanent maintenance should be made only if the award is in excess of any temporary maintenance award, rather than as credits for overpayment of temporary maintenance (*see, Maier v Maier,* 201 AD2d 919; *Rodgers v Rodgers,* 98 AD2d 386; *Martin v Martin,* 82 AD2d 431; *Surut v Surut,* 191 App Div 570). Thus, the defendant is required to pay to the plaintiff the arrears accrued pursuant to the temporary maintenance order prior to his application for relief from the order, and thereafter, at the rate of $300 per week, for a total period of four years. Accord-

ingly, the matter is remitted to the Supreme Court, Westchester County, to determine the amount of maintenance due to the wife and for entry of an appropriate amended judgment.

Furthermore, the court, in making the award of counsel fees, did not distinguish between those services rendered in connection with the matrimonial cause of action and those rendered in connection with the nonmatrimonial causes of action such as the causes of action to impose a constructive trust and to set aside the transfer of certain of the husband's assets, for which counsel fees are not recoverable (see, Sandel v Sandel, 96 AD2d 584, 584-585). We therefore remit the matter to the Supreme Court to establish an appropriate award for counsel fees upon such further proceedings as the court may deem necessary.

The wife's cause of action to impress a constructive trust upon the property located on Sagamore Road, Long Lake, New York, is barred by the six-year Statute of Limitations found in CPLR 213 (1), which starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution (see, Loengard v Santa Fe Indus., 70 NY2d 262, 267; Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., 192 AD2d 501, 503; Sitkowski v Petzing, 175 AD2d 801). The husband promised to transfer the Sagamore Road property to both of their names when they married. Here, the wrongful act occurred on the day the parties were married, over 10 years before the commencement of this action, because it was then that the husband repudiated his promise to transfer the property (see, Sitkowski v Petzing, supra, at 802; Augustine v Szwed, 77 AD2d 298, 300-301; Motyl v Motyl, 35 AD2d 1051; Rickerman v Rickerman, 34 AD2d 1069; see also, Scheuer v Scheuer, 308 NY 447).

We have reviewed the wife's remaining contentions and find them to be without merit. Bracken, J. P., Miller, Sullivan and Hart, JJ., concur.