■ MONA MARINO, Respondent, v JERRY MARINO, Appellant. [645 NYS2d 252] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant contends that the maintenance and child support awarded in the judgment of divorce should be reduced because those awards are based upon an erroneous calculation of his income. We agree. Supreme Court

determined that defendant's annual income included "at least ten thousand dollars" in cash and five thousand dollars for the use of a company vehicle provided by the family business. Although there was evidence that defendant received cash from his father, there was no proof regarding the amount. The record also contains no indication whether the money represented occasional gifts to defendant from his father or regular compensation from his employer (*see, Huebscher v Huebscher*, 206 AD2d 295, 296). Absent proof of the nature or amount of the cash received, there is no basis for imputing to defendant $10,000 in unreported cash income (*see, Hollis v Hollis*, 188 AD2d 960, 962). Further, because there was no evidence that defendant used his company vehicle for his personal needs, the court improperly imputed additional income of $5,000 to him (*see, Costanza v Costanza*, 213 AD2d 1044, 1045). Thus, defendant's total income, for purposes of fashioning a maintenance award and calculating defendant's child support obligation, is $34,940.

In determining questions of maintenance, the authority of this Court is as broad as that of the trial court (*see, Baumgart v Baumgart*, 199 AD2d 1049, 1049-1050). In view of the standard of living established during the marriage, the limited ability of plaintiff to support herself prior to completing her nursing program and defendant's property and income (*see,* Domestic Relations Law § 236 [B] [6]), we conclude that an award of $100 per week for a period of three years "reflects an appropriate balancing of plaintiff's needs and defendant's ability to pay" (*Torgersen v Torgersen*, 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709).

The record also contains the financial information necessary for us to determine defendant's child support obligation under the Child Support Standards Act (*see,* Domestic Relations Law § 240 [1-b]; *Torgersen v Torgersen, supra,* at 1024). After deducting $5,200 for maintenance awarded to plaintiff (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]) and $1,906 for FICA taxes (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]), defendant's income is $27,834. It is not disputed that plaintiff has no income for purposes of calculating child support. Because the parties have two children, the applicable percentage is 25% (*see,* Domestic Relations Law § 240 [1-b] [b] [3] [ii]). Twenty-five percent of $27,834 is $6,959. Thus, defendant is directed to pay child support of $135 per week. Upon the termination of maintenance to plaintiff, the amount of child support shall increase to $160 per week (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]).

Finally, we reject defendant's contention that the court erred in failing to deduct from the amount of the parties' equity in the marital residence a $27,000 debt allegedly owed to defendant's father. Defendant failed to establish that the alleged debt is a valid obligation (*see, Gannon v Gannon,* 116 AD2d 1030, 1032). (Appeal from Judgment of Supreme Court, Erie County, Sedita, Jr., J.—Child Support.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.