■ RALPH BOUGHTON, Appellant, v YVONNE BOUGHTON, Respondent. [659 NYS2d 607] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: As a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court (see, Shew v Shew, 193 AD2d 1142, 1143; Wilner v Wilner, 192 AD2d 524, 525). Nevertheless, "[i]n determining questions of maintenance, the authority of this Court is as broad as that of the trial court" (Marino v Marino, 229 AD2d 971, 972, citing Baumgart v Baumgart, 199 AD2d 1049, 1049-1050). In fashioning a fair and equitable maintenance award, both this Court and the trial court "must consider the payee spouse's reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors * * * (see, Domestic Relations Law § 236 [B] [6] [a] [1]-[11])" (Hartog v Hartog, 85 NY2d 36, 52).

Supreme Court did not comply with that statutory mandate when it calculated the amount of maintenance based solely upon the predivorce standard of living. The court erred in failing to consider the calculation by defendant of her reasonable needs (cf., Hoyt v Hoyt, 166 AD2d 800, 801), plaintiff's ability to provide for those needs (see, Domestic Relations Law § 236 [B] [6] [a]) or any of the other factors enumerated in the statute

(*see*, Domestic Relations Law § 236 [B] [6] [a] [1]-[11]). Based upon those factors, we conclude that the amount of maintenance awarded by the court is excessive, and we modify the judgment by decreasing the award to $80 per week. In light of the duration of the marriage and defendant's age, present job skills and future earning capacity, we conclude that the award of lifetime maintenance is proper (*see, Behrmann v Behrmann,* 204 AD2d 1076; *Wilner v Wilner, supra,* at 526). (Appeal from Judgment of Supreme Court, Livingston County, Alonzo, J.— Maintenance.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.