■ BARBARA FRANCIS, Respondent-Appellant, v TIMOTHY FRANCIS, Appellant-Respondent. [692 NYS2d 263] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: At a bench trial on the issue of fault in this matrimonial action, Supreme Court erred in admitting in evidence that portion of a hospital record containing the account of plaintiff concerning how she was injured when defendant allegedly threw a coffee cup toward her leg. That portion of the hospital record is inadmissible hearsay (*see, Williams v Alexander,* 309 NY 283, 287; *Edelman v City of New York,* 81 AD2d 904). In our view, however, that error is harmless (*see,* CPLR 2002). Contrary to the contention of defendant, we conclude that, in this marriage of relatively short duration, plaintiff sufficiently demonstrated a course of conduct by defendant that is harmful to plaintiff's physical and mental health, rendering cohabitation with defendant unsafe and improper (*see,* Domestic Relations Law § 170 [1]). Thus, the court properly granted plaintiff a divorce on the ground of cruel and inhuman treatment (*see, Brady v Brady,* 64 NY2d 339, 344; *cf., Reiss v Reiss,* 170 AD2d 589, 590, *lv dismissed* 78 NY2d 908, *lv denied* 79 NY2d 758).

Following a separate bench trial on economic issues only, the court properly exercised its discretion in making an equitable distribution of the parties' marital assets and debts, with one exception. The court erred in requiring defendant to pay plaintiff one half of all real estate taxes paid on the marital residence during the parties' marriage. Plaintiff was properly awarded a sum for the appreciation in value of the property, which was defendant's separate property prior to the marriage. The real property taxes paid during the marriage, however, were paid with marital funds and plaintiff was not entitled to a credit for one half of such payments. Thus, the judgment

must be modified by vacating the provision that plaintiff receive such credit. Although the court did not abuse its discretion in awarding plaintiff a 30% interest in the appreciation in value of defendant's individual retirement accounts during the marriage (*see, Spencer v Spencer,* 230 AD2d 645, 647), we further modify the judgment by providing that the award may be made by a tax-free rollover.

The court also did not abuse its discretion in making a durational award of maintenance. The amount and duration of maintenance are matters committed to the sound discretion of the trial court (*see, Boughton v Boughton,* 239 AD2d 935). Upon our review of the record, we conclude that the amount of the maintenance award was reasonable and that the court did not abuse its discretion in awarding maintenance for a period of 15 months (*see, McCallum v McCallum,* 237 AD2d 891; *Marino v Marino,* 229 AD2d 971, 972).

There is no merit to the contention of plaintiff that the court erred in awarding her only $4,500 as the enhanced value of the marital residence during the parties' marriage. The valuation of the premises was "within the framework of the evidence" (*Posson v Posson,* 229 AD2d 690, 693). (Appeals from Judgment of Supreme Court, Erie County, Michalek, J.—Matrimonial.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.