■ Dorothy M. DiFilippo, Appellant-Respondent, v Anthony DiFilippo, III, Respondent-Appellant. [692 NYS2d 259] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The parties were married in August 1961, while defendant was a student in law school. Three children were born of this long-term marriage. One of the children died, and the other two are emancipated. During the marriage, plaintiff, who is now 59 years old, concentrated her efforts upon being a homemaker and mother, and did not work outside the home.

The parties separated in April 1996 after plaintiff discovered that defendant was having an affair. Defendant did not contest grounds and a nonjury trial was held on economic issues only.

Following the trial, Supreme Court awarded plaintiff maintenance in the amount of $750 per week until she reaches the age of 65 and is eligible to receive Social Security at the highest level available to her. The court also ordered the marital home to be sold with the proceeds to be used to pay the parties' marital income tax liability. The court also equitably distributed the parties' assets, and awarded plaintiff attorneys' fees.

On appeal, plaintiff contends that the court abused its discretion in awarding her maintenance in the amount of $750 per week and in directing that the maintenance award terminate when she reaches the age of 65, a period of approximately six years. "As a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (*Boughton v Boughton,* 239 AD2d 935). In determining questions of maintenance, however, the authority of our Court is as broad as that of the trial court (*Boughton v Boughton, supra,* at 935). Upon our review of the record, we conclude that the court's award of $750 per week in maintenance was a proper exercise of discretion, but that the court's decision to limit the duration of maintenance to a period of approximately six years is not in accord with the intent of Domestic Relations Law § 236 (B) (6) (*see, White v White,* 204 AD2d 825, 828, *lv dismissed* 84 NY2d 977). Therefore, we modify the judgment by providing that defendant's obligation to provide maintenance in the amount of $750 per week shall continue until the death of either party or upon plaintiff's remarriage or until modified by court order (*see, White v White, supra,* at 828).

There is no merit to plaintiff's remaining contentions with respect to the court's distribution of the marital assets and award of counsel fees. There is likewise no merit to defendant's cross appeal, in which defendant seeks a reallocation of the parties' marital debt. (Appeals from Judgment of Supreme Court, Erie County, Gorski, J.—Matrimonial.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.