■ STEVEN GREENBERG, Respondent, v JOYCE G. GREENBERG, Appellant. [702 NYS2d 632] —In a matrimonial action in which the parties were divorced by a judgment entered October 2, 1997, the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated August 5, 1998, as, after a hearing, denied those branches of her post-judgment motion which were to recover interest due on the unpaid equitable distribution award and for the award of an attorney's fee on the motion.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to recover interest on the unpaid equitable distribution award and substituting therefor a provision granting interest at the statutory rate of 9% per annum on the unpaid equitable distribution award from December 10, 1997, to August 15,

1998, the date the payment was made; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The judgment of divorce, entered October 2, 1997, *inter alia*, directed the plaintiff former husband to pay to the defendant former wife an award of equitable distribution in the amount of $300,000 on or before December 10, 1997. The defendant did not engage in inequitable or dilatory conduct which would preclude her entitlement to interest earned on the unpaid judgment (*see,* CPLR 5003; *Purpura v Purpura,* 261 AD2d 595; *ERHAL Holding Corp. v Rusin,* 252 AD2d 473; *Feldman v Brodsky,* 12 AD2d 347, *affd* 11 NY2d 692). Accordingly, the Supreme Court should have permitted the defendant to recover interest on the unpaid judgment at the statutory rate of 9% per annum (*see,* CPLR 5004).

The defendant's remaining contentions are without merit. Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.