■ CHRISTINE A. BURROUGHS, Respondent, v RODGER G. BURROUGHS, Appellant. [703 NYS2d 407] —Judgment unanimously modified in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: On this appeal defendant's sole contention is that Supreme Court abused its discretion in awarding maintenance to plaintiff until the youngest child reaches 18 years of age, a duration of 13 years. The court has broad discretion in fixing the amount and duration of a maintenance award (*see, Boughton v Boughton,* 239 AD2d 935). Nevertheless, "[i]n determining questions of maintenance, the authority of this Court is as broad as that of the trial court" (*Marino v Marino,* 229 AD2d 971, 972). In view of the relevant statutory factors (*see,* Domestic Relations Law § 236 [B] [6] [a]), i.e., the seven-year duration of the marriage, plaintiff's age (27 years), good health, high school education and limited work experience, the disparity in income between the parties, plaintiff's training in cosmetology, and the presence of the two children of the marriage in plaintiff's home, we modify the judgment in the exercise of our discretion by reducing the duration of maintenance to five years from the date of the judgment of divorce. (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J.—Matrimonial.) Present—Pine, J. P., Hurlbutt, Scudder and Lawton, JJ.

■ TOM I. JACKSON et al., Plaintiffs, v COUNTY OF MONROE et al., Defendants. MANNING, SQUIRES, HENNIG Co., INC., Third-Party Plaintiff-Appellant, v KEELER CONSTRUCTION Co., INC., et al., Third-Party Defendants-Respondents. (Appeal No. 1.) [703 NYS2d 852] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Frazee, J. (Appeal from Judgment of Supreme Court, Monroe County, Frazee, J.—Summary Judgment.) Present—Pine, J. P., Hurlbutt, Scudder and Lawton, JJ.