■ BARBARA T. WIPPERMAN, Respondent, v RICHARD B. WIPPERMAN, Appellant. [716 NYS2d 184] —Amended judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We exercise our discretion to treat the appeal as taken from the amended judgment in this divorce action (*see,* CPLR 5520 [c]). The amended judgment added the award of maintenance and ordered the parties to submit a "quantum meruit application for attorney's fees." The findings of fact and conclusions of law filed with the original judgment contained those provisions but they were omitted from the original judgment. An order entered after the entry of the amended judgment directed de-

fendant to pay $5,000 toward plaintiff's counsel fees. No appeal was taken from that order.

Although "the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (*Boughton v Boughton*, 239 AD2d 935; *see, Francis v Francis*, 262 AD2d 1065, 1066), we conclude that Supreme Court's award of maintenance of $400 per week was excessive. "In determining questions of maintenance the authority of this Court is as broad as that of the trial court" (*Marino v Marino*, 229 AD2d 971, 972). The award is based on the court's attempt to equalize the parties' incomes, but "maintaining the same standard of living as during the marriage does not require that each party has the same income" (*Louise v Louise*, 156 AD2d 937, 938). Plaintiff states that her current expenses include $695 per month for entertainment costs and $120 per month for car washes. In our view, plaintiff is able to maintain her predivorce standard of living with maintenance of $300 per week, and thus we modify the amended judgment accordingly.

Were an appeal from the order awarding counsel fees before us, we would reject defendant's contention that the court erred in awarding plaintiff $5,000 in counsel fees. "Considering the disparity in the incomes of the parties and the defendant's tactics, which unnecessarily prolonged this litigation, it was appropriate for the trial court to require the defendant to pay the plaintiff's counsel fees" (*Nee v Nee*, 240 AD2d 478, 479; *see, DeBergalis v DeBergalis* [appeal No. 1], 156 AD2d 963). (Appeal from Amended Judgment of Supreme Court, Erie County, NeMoyer, J.—Matrimonial.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.