■ DOROTHY M. DiFILIPPO, Appellant, v ANTHONY DiFILIPPO, III, Respondent. [730 NYS2d 602] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: The parties were divorced in 1998, terminating a 37-year marriage. The judgment of divorce provided that defendant would pay plaintiff maintenance in the amount of $750 per week for approximately six years. The judgment further provided that defendant would maintain an existing life insurance policy in the amount of $50,000 in full force and effect naming plaintiff as the beneficiary until defendant's "maintenance obligation is extinguished." On a prior appeal, we modified the judgment by extending the duration of the maintenance obligation and requiring defendant to pay plaintiff maintenance in the amount

of $750 per week "until the death of either party or upon plaintiff's remarriage or until modified by court order" (*DiFilippo v DiFilippo,* 262 AD2d 1070, 1071). Although we did not modify the judgment with respect to the life insurance provision, defendant thereafter unilaterally removed plaintiff as beneficiary of the life insurance policy. Upon learning of defendant's action, plaintiff brought the instant motion, seeking, *inter alia,* to require defendant to restore her as beneficiary until his maintenance obligation ceased upon the death of either party, plaintiff's remarriage or further order of the court. Supreme Court ordered defendant to restore plaintiff to beneficiary status, but only until she reaches the age of 63 years, at which point defendant may reduce plaintiff to a 50% beneficiary. The court further ordered that, when plaintiff reaches the age of 65 years, defendant may name a beneficiary of his own choosing. The court declined to hold defendant in contempt.

On the prior appeal, we affirmed that part of the judgment requiring defendant to provide life insurance "until his maintenance obligation is extinguished," and we modified the judgment by extending the duration of maintenance. Consequently, the court erred in allowing defendant to remove plaintiff as beneficiary of the life insurance policy before his maintenance obligation was extinguished (*see, Hartog v Hartog,* 85 NY2d 36, 50). We therefore modify the order by requiring defendant to make plaintiff the irrevocable beneficiary of the life insurance policy in question until the death of either party, plaintiff's remarriage or until modification of the duration of the maintenance obligation by court order.