■ DOROTHY M. DiFILIPPO, Appellant-Respondent, v ANTHONY DiFILIPPO, III, Respondent-Appellant. [752 NYS2d 455] —Appeal and cross appeal from certain parts of an order of Supreme Court, Erie County (Gorski, J.), entered June 25, 2001, that, inter alia, denied that part of plaintiff's motion seeking to hold defendant in contempt.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law and in the exercise of discretion by deleting the words "after income tax impact" from the fourth ordering paragraph and by granting that part of plaintiff's motion seeking an award of counsel fees and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: The parties were divorced in 1998, terminating a 37-year

marriage, and this is the second appeal to this Court involving postjudgment proceedings (*see DiFilippo v DiFilippo,* 286 AD2d 869). Plaintiff contends that Supreme Court abused its discretion in denying that part of her motion seeking to hold defendant in contempt for his withdrawal of funds from an SEP/IRA account prior to the sale of the marital residence, in violation of the judgment of divorce. "The decision whether to punish noncompliance with a court directive as a contempt generally rests in the sound discretion of the court" (*Busch v Berg,* 52 AD2d 1082, 1082). Here, defendant withdrew funds from the SEP/IRA account for the payment of past due taxes, and the court indicated that it was the intent of the judgment that defendant do so. The court further indicated that the payment of those past due taxes was a "prudent use of the parties' limited assets" and noted that plaintiff had also engaged in "self-help" in delaying the sale of the marital residence. Under those circumstances, we decline to interfere with the court's exercise of discretion in declining to hold defendant in contempt.

We further conclude that the court did not abuse its discretion in refusing to award plaintiff the loss of appreciation on the SEP/IRA account resulting from defendant's early withdrawal from that account. As the court noted, if the withdrawal had not occurred, the interest and penalties on the past due taxes would have exceeded any appreciation on the account.

We conclude that the court properly determined that plaintiff was entitled to receive half of the distributions received by defendant from his former law firm that had been paid to him prior to the judgment of divorce. We conclude, however, that the court erred in modifying the judgment to provide that the distribution to plaintiff would be "after income tax impact." The judgment of divorce provides that the amounts to be paid to plaintiff from distributions received by defendant from his former law firm "shall not be tax impacted prior to distribution." That portion of the judgment was affirmed by this Court (*DiFilippo v DiFilippo,* 262 AD2d 1070), and the court thus was without authority to modify it (*see Maracina v Schirrmeister,* 152 AD2d 502). We therefore modify the order by deleting the words "after income tax impact" from the fourth ordering paragraph.

We further conclude that the court improvidently exercised its discretion in denying that part of the motion of plaintiff seeking an award of counsel fees incurred in responding to several motions by defendant and incurred on plaintiff's prior successful appeal (*DiFilippo,* 286 AD2d 869; *see O'Shea v O'Shea,* 93 NY2d 187, 190; *Walker v Walker,* 255 AD2d 375, 376; *see*

*generally O'Brien v O'Brien*, 66 NY2d 576, 590). We therefore further modify the order by granting that part of plaintiff's motion seeking an award of counsel fees, and we remit the matter to Supreme Court, Erie County, to determine the appropriate amount of counsel fees, to be paid by defendant to plaintiff's counsel (*see* Domestic Relations Law § 237 [a]).

We have examined the remaining issues raised on the appeal and cross appeal and conclude that they lack merit. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.