■ Smithy E. Dunbar, Appellant, v Lorraine E. Dunbar, Respondent. [765 NYS2d 638] —In a matrimonial action in which the parties were divorced by judgment entered February 29, 1988, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lifson, J.), dated March 27, 2002, which, after a hearing, granted the defendant's motion, inter alia, for maintenance and an attorney's fee to the extent of (1) directing that the remaining proceeds from the sale of the former marital residence on deposit with the Suffolk County Treasurer be equally divided between the parties, (2) directing that one half of the fees for the receiver and the receiver's attorney be deducted from the plaintiff's share of the proceeds, (3) directing that one half of the amount of the prior money judgments for child support and maintenance arrears against the plaintiff and in favor of the defendant be deducted from the plaintiff's share of the proceeds, (4) awarding the defendant $1,950 in additional maintenance arrears and $5,000 in attorney's fees to be deducted from the plaintiff's share of the proceeds, and (5) directing that the balance of the proceeds due to the plaintiff be held by the Suffolk County Treasurer as security for the costs of the action and the payment of future maintenance to the defendant.

Ordered that the order is modified by deleting from the ninth decretal paragraph thereof the words "the balance" and substituting therefor the words "an amount of no more than $50,000"; as so modified, the order is affirmed, without costs or disbursements.

Under the circumstances of this case, the Supreme Court properly directed that the plaintiff give reasonable security to guarantee the future payment of maintenance to the defendant (*see* Domestic Relations Law § 243; *Adler v Adler,* 203 AD2d 81 [1994]). However, the court improvidently exercised its discretion in directing that the entire amount of the balance of the proceeds due to the plaintiff from the sale of the former mari-

tal residence remain on deposit with the Suffolk County Treasurer as security. In light of the fact that the defendant is approximately 66 years old and only entitled to $50 a week in lifetime maintenance pursuant to the judgment of divorce, we find the amount of security that is reasonable in this case to be no more than $50,000.

The plaintiff's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.