██ RONALD P. BENNETT, Respondent-Appellant, v TERRY A. BENNETT, Appellant-Respondent. [790 NYS2d 334]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered September 4, 2003. The order, among other things, awarded maintenance to defendant and distributed the marital property.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion to the extent of providing plaintiff with a credit of $304.73 for his payment of defendant's credit card debt and $1,814.13 as his equitable share of defendant's bank account and by granting the cross motion to the extent of increasing the amount of maintenance to $1,300 per week and providing defendant with a credit of an additional $10,000 for that part of the marital property used to purchase the property at 2 North Main Street and as modified the order is affirmed without costs.

Memorandum: In this matrimonial action arising after 32 years of marriage, defendant wife and plaintiff husband contend that Supreme Court erred in its equitable distribution of the marital property as well as in its award of maintenance to defendant. Contrary to defendant's contention, the court did not abuse its discretion in determining that maintenance should terminate upon plaintiff's 69th birthday (*see Wood v Wood*, 256 AD2d 1242 [1998]; *cf. Pudlewski v Pudlewski*, 309 AD2d 1296, 1298 [2003]; *Maier v Maier*, 201 AD2d 919, 921 [1994]). Although the Matrimonial Referee (Referee) recommended that maintenance continue until plaintiff's 75th birthday, we agree with the court that continuing maintenance until age 75 "would be onerous" for plaintiff, who was planning to retire earlier. We conclude, however, that the court erred in determining the amount of maintenance. Although the determination of the amount of maintenance is "left to the sound discretion of the trial court" (*Anderson v Anderson*, 286 AD2d 967, 969 [2001]), our authority "is as broad as that of the trial court" (*Marino v Marino*, 229 AD2d 971, 972 [1996]; *see Boughton v Boughton*, 239 AD2d 935 [1997]). The Referee recommended maintenance in the amount of $600 per week. Based on the duration of maintenance recommended by the Referee, the amount thereof would have totaled $317,917. The court ordered maintenance in the amount of $750 per week, totaling $147,875 over the shorter duration set by the court. In view of the respective ages of the parties, the length of the marriage, the income of plaintiff and the inability of defendant, a homemaker, to become self-supporting, and the fact that maintenance is deductible by the payor and taxable to the recipient, we conclude that the award of $750 per week is inadequate. We deem an award of $1,300 per week appropriate and thus, for the proper shorter duration of maintenance set by the court, the maintenance award will total approximately $256,287.

We agree with defendant that the court erred in confirming the Referee's report insofar as the Referee determined that

plaintiff had a separate property interest of $20,000 in a building housing his law firm. Plaintiff, individually but using marital funds, purchased that property from a corporation of which he was a shareholder. The facts that the corporation purchased the property before the parties were married and that plaintiff gave the corporation $20,000 at the time of that purchase may indicate that plaintiff made a contribution of separate property to the corporation, but it does not compel the conclusion that plaintiff has a separate property interest in any particular asset of the corporation (*see e.g. Matter of Fontana v D'Oro Foods*, 65 NY2d 886 [1985]). We further conclude that the court did not err in confirming the Referee's report insofar as the Referee determined the value of that building and took into account the mortgages for that property in the valuation of plaintiff's law firm.

Contrary to defendant's contention, the court properly confirmed the Referee's report to the extent that the Referee determined that plaintiff was entitled to a separate property credit in Glenhurst Development, Inc., formerly known as Holland Raceway, Inc. and Tamaron Heights, Inc., for portions of the holdings. The court also properly confirmed the Referee's report to the extent that the Referee determined that loans owed to plaintiff from his respective corporations constituted marital property subject to equitable distribution. Because plaintiff failed to trace an inheritance from his mother as the source of funds that he contributed to the marital residence, the court properly confirmed the Referee's report to the extent that the Referee determined that plaintiff was not entitled to a separate property credit for that investment (*see Corasanti v Corasanti*, 296 AD2d 831, 832 [2002]). We reject the further contention of plaintiff that the court erred in denying that part of his motion seeking to reopen the proof to submit evidence that an annuity constituted separate property (*see generally Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980], *rearg denied* 50 NY2d 1059 [1980]). The motion was made one year after the trial before the Referee had ended, and we conclude that defendant would have been greatly prejudiced had that part of the motion been granted (*cf. Orlando v Rubersi Sales*, 255 AD2d 802, 804 [1998]).

Contrary to defendant's contention, the decision to credit the valuation testimony of plaintiff's expert with respect to the corporations involved with the operation of Holland Raceway is supported by the record (*see Woodhouse v Bombadier Motor Corp. of Am.*, 5 AD3d 1029, 1030 [2004]; *Krumpek v Millfeld Trading Co.* [appeal No. 3], 272 AD2d 879, 880-881 [2000]). Additionally, the court properly confirmed the Referee's report

insofar as the Referee declined to consider the tax consequences concerning the distributive award for plaintiff's pension and the distribution from the dissolution of plaintiff's law firm. Neither plaintiff nor defendant presented evidence to support a determination with respect to such tax consequences (*see Wadsworth v Wadsworth*, 219 AD2d 410, 415 [1996]; *Chase v Chase*, 208 AD2d 883, 884-885 [1994]).

Because defendant has sufficient funds and income with which to pay her counsel fees, the court did not err in denying that part of her cross motion seeking such fees (*see Filkins v Filkins* [appeal No. 3], 303 AD2d 934, 935 [2003]; *Burns v Burns* [appeal No. 2], 238 AD2d 886 [1997]). Additionally, defendant was properly awarded interest on the distributive award to be paid to her (*see Lipsky v Lipsky*, 276 AD2d 753, 754 [2000]; *Greenberg v Greenberg*, 269 AD2d 354, 355 [2000]).

We conclude that the court erred in confirming the Referee's report to the extent that the Referee failed to award plaintiff $304.73 in credit for payments he made toward defendant's postaction credit card debt (*see Prince v Prince*, 247 AD2d 457 [1998]; *Gelb v Brown*, 163 AD2d 189, 194 [1990]). We further conclude that the court erred in confirming the Referee's report to the extent that the Referee failed to equitably distribute defendant's bank account, and thus we conclude that plaintiff is entitled to a credit of $1,814.13 as his share of that marital asset. Contrary to plaintiff's further contentions, the court did not err in confirming the Referee's report with respect to the valuation of defendant's corporations and defendant's country club membership.

Based on the foregoing, we modify the order by granting defendant's cross motion to the extent that it sought an increase in the amount of maintenance to $1,300 per week and a credit of an additional $10,000 for that part of the marital property used to purchase the building housing plaintiff's law office and by granting plaintiff's motion to the extent that plaintiff sought a credit of $304.73 for his payment of defendant's credit card debt and $1,814.13 as his equitable share of defendant's bank account. Present—Pine, J.P., Hurlbutt, Kehoe and Lawton, JJ.