(July 22, 2008)

■ BURTON FIELD BRINCKERHOFF, Appellant, v ZINA J. BRINCKERHOFF, Respondent. [862 NYS2d 98]—

In a matrimonial action in which the parties were divorced by judgment dated June 10, 1986, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated August 6, 2007, as granted that branch of his motion which was to vacate that portion of an order of the same court dated February 5, 2007, granting that branch of the defendant's prior motion which was for injunctive relief against the plaintiff's retirement accounts, on the condition that the plaintiff post security with the court in the sum of $350,000 to ensure the future payment of the plaintiff's maintenance obligation.

Ordered that the order is modified, on the facts and in the exercise of discretion, by reducing the amount of security to be posted by the plaintiff to $140,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In view of the plaintiff former husband's history of failing to make timely maintenance payments without the defendant former wife having to resort to litigation, the Supreme Court providently exercised its discretion in directing him to provide reasonable security to guarantee the future payment of maintenance to the defendant former wife (*see* Domestic Relations Law § 243; *Klepp v Klepp,* 35 AD3d 386 [2006]; *Dunbar v Dunbar,* 309 AD2d 780 [2003]; *Adler v Adler,* 203 AD2d 81 [1994]). However, the amount of the security to be posted by the plaintiff was excessive and should be reduced to $140,000.

Contrary to the plaintiff's contention, the Supreme Court had the authority to impose a condition on its vacatur of that portion of its prior order which imposed injunctive relief against his retirement accounts (*see* CPLR 5015).

The plaintiff's remaining contentions either are without merit or not properly before this Court. Skelos, J.P., Miller, Carni and Chambers, JJ., concur.