■ Sandra J. Smith, Respondent-Appellant, v Charles D. Smith, Appellant-Respondent. [913 NYS2d 475]—

Appeal and cross appeal from a judgment of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered July 9, 2009 in a divorce action. The judgment, among other things, determined the issues of equitable distribution of the marital assets, support and attorney's fees.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the duration of maintenance to nine years from the date on which the action was commenced and as modified the judgment is affirmed without costs.

Memorandum: On appeal from the judgment in this divorce action, defendant contends that Supreme Court abused its discretion in awarding maintenance to plaintiff "in the sum of $900 per week for a period of [16] years, or until [p]laintiff's death, remarriage, or upon her habitual co-habitation with an unrelated male . . . or upon the [d]efendant's retirement at or after age 64, whichever first occurs." We agree. Although the court has broad discretion in fixing the amount and duration of a maintenance award (*see Boughton v Boughton*, 239 AD2d 935 [1997]), "the authority of this Court [in determining questions of maintenance] is as broad as that of the trial court" (*Marino v Marino*, 229 AD2d 971, 972 [1996]). In view of the relevant statutory factors, i.e., the almost 23-year duration of the marriage, plaintiff's age, good health, high school education and limited work experience, the disparity in income between the parties and the ages of the children presently in plaintiff's home (*see* Domestic Relations Law § 236 [B] [6] [a]), we modify the judgment by reducing the duration of maintenance to nine years from the date on which the action was commenced (*see Burroughs v Burroughs*, 269 AD2d 765 [2000]).

We reject defendant's further contention that the court abused its discretion in awarding exclusive use and occupancy of the marital residence to plaintiff until the youngest child turns 18, graduates high school or becomes emancipated. " 'Courts now express a preference for allowing a custodial parent to remain in the marital residence until the youngest child becomes 18 unless such parent can obtain comparable housing at a lower cost or is financially incapable of maintaining the marital residence, or either spouse is in immediate need of his or her share of the sale proceeds' " (*Stacey v Stacey*, 52 AD3d 1219, 1221 [2008]; *see Nissen v Nissen*, 17 AD3d 819, 820 [2005];

*Nolan v Nolan*, 215 AD2d 795 [1995]). In light of the fact that the youngest child is now 14 years old, we see no reason to disturb the court's determination allowing plaintiff to remain in the marital residence for no longer than four additional years.

Contrary to defendant's contention, the award of attorney's fees to plaintiff was not "grossly excessive." The court properly "review[ed] the financial circumstances of both parties together with all the other circumstances of the case, . . . includ[ing] the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). Moreover, the court properly considered defendant's obstructionist conduct, which unnecessarily delayed the proceedings and increased the legal fees incurred by plaintiff (*see Johnson v Chapin*, 49 AD3d 348, 361 [2008], *mod on other grounds* 12 NY3d 461 [2009], *rearg denied* 13 NY3d 888 [2009]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Carni, Sconiers and Pine, JJ.