# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

880

CA 12-01238

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

MELISSA MANISCALCO, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PHILIP MANISCALCO, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

KUSTELL LAW GROUP, LLP, BUFFALO (CARL B. KUSTELL OF COUNSEL), FOR DEFENDANT-APPELLANT.

SPADAFORA & VERRASTRO, LLP, BUFFALO (KELLY A. FERON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered June 28, 2012 in a divorce action. The judgment, inter alia, equitably distributed the marital assets of the parties.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the duration of maintenance to four years from April 3, 2012 and deleting from the third ordering paragraph of the order granted June 25, 2012 that is incorporated therein the language "any property, including but not limited to cash accounts, bank accounts, stocks, mutual funds" and "M&T bank accounts" and as modified the judgment is affirmed without costs.

Memorandum: In appeal No. 1, defendant appeals from an order entered prior to the judgment of divorce and, in appeal No. 2, defendant appeals from the judgment of divorce. We note at the outset that appeal No. 1 must be dismissed inasmuch as the order in that appeal is subsumed in the final judgment of divorce (*see Rooney v Rooney* [appeal No. 3], 92 AD3d 1294, 1295, *lv denied* 19 NY3d 810; *see also Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 988). We affirm the judgment in appeal No. 2 in all but two respects. First, we conclude that the maintenance award is excessive. Based on the statutory factors (*see* Domestic Relations Law § 236 [B] [6] [a]; *see also Hartog v Hartog*, 85 NY2d 36, 51), and under the circumstances of this case, we modify the judgment by reducing the duration of maintenance to four years from April 3, 2012, i.e., the date of the Matrimonial Referee's decision (*see generally Smith v Smith*, 79 AD3d 1643, 1644; *Burroughs v Burroughs*, 269 AD2d 765, 765). Second, we conclude that Supreme Court abused its discretion in sequestering defendant's cash, bank accounts, stocks and mutual funds (*cf.*

*Brinckerhoff v Brinckerhoff*, 53 AD3d 592, 593; *Adler v Adler*, 203 AD2d 81, 81).  We thus further modify the judgment accordingly.

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court