Lasher v Lasher (2024 NY Slip Op 05670)

Lasher v Lasher

2024 NY Slip Op 05670

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, AND HANNAH, JJ.

617 CA 23-00390

[*1]MELISSA A. LASHER, PLAINTIFF-APPELLANT,
v
DONALD J. LASHER, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 

ELIZABETH C. FRANI, SYRACUSE, FOR PLAINTIFF-APPELLANT. 
BRIAN J. BARNEY, ROCHESTER, FOR DEFENDANT-RESPONDENT.

 Appeal from a judgment of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered January 3, 2023, in a divorce action. The judgment, inter alia, equitably distributed the marital property of the parties. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified in the exercise of discretion by increasing the duration of maintenance from 8 years and 5 months to 11 years and 15 days, vacating that part of the judgment awarding defendant a credit for his payment of the pro rata share of the room and board expenses of the parties' older son, and awarding plaintiff an additional $10,000 in expert fees, and as modified the judgment is affirmed without costs.
Memorandum: In this divorce action, plaintiff appeals from a judgment of divorce that, inter alia, equitably distributed the parties' marital property, awarded plaintiff spousal maintenance and child support, and awarded plaintiff a portion of her legal and expert fees. We perceive no abuse of discretion by Supreme Court, and we affirm the judgment in all but three aspects. First, in light of our broad authority in determining questions of maintenance, we modify the judgment in the exercise of our discretion by increasing the duration of maintenance from 8 years and 5 months to 11 years and 15 days (see Burroughs v Burroughs, 269 AD2d 765, 765 [4th Dept 2000]; see generally Smith v Smith, 79 AD3d 1643, 1644 [4th Dept 2010]). Second, we modify the judgment in the exercise of our discretion by vacating that part awarding defendant a credit for his payment of his pro rata share of the college room and board expenses of the parties' older son (see generally Burns v Burns, 233 AD2d 852, 853 [4th Dept 1996], lv denied 89 NY2d 810 [1997]). Finally, we further modify the judgment
in the exercise of our discretion by awarding plaintiff an additional $10,000 in expert fees (see O'Brien v O'Brien, 66 NY2d 576, 590 [1985]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court