■ Louis C. Zurek, Appellant, v Susan R. Zurek, Respondent. [680 NYS2d 384] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff appeals from a judgment of divorce that, *inter alia*, directs him to pay maintenance in the sum of $100 per week for three years and counsel fees of $500. Supreme Court did not err in concluding that, in the circumstances of this case, defendant is entitled to durational maintenance while she establishes her new career as a real estate salesperson (*see, Sperling v Sperling*, 165 AD2d 338). The court erred, however, in failing to set forth the statutory factors it considered in fixing the amount and duration of maintenance (*see, Hartog v Hartog*, 85 NY2d 36, 51), and the record, which does not include essential evidence, e.g., the financial disclosure affidavits of the parties, is insufficient for this Court to make those findings or to determine whether the amount awarded is appropriate (*cf., Boughton v Boughton*, 239 AD2d 935). The court also erred in fixing the amount of counsel fees. It does not appear from the record that defendant's attorney presented any proof regarding the nature and extent of the services provided, nor was a hearing conducted to determine whether the fees charged were reasonable (*see, Matthews v Matthews*, 238 AD2d 926, 927; *Moses v Moses*, 231 AD2d 850). Thus, we modify the judgment by vacating the amount of the awards of maintenance and counsel fees, and we remit the matter to Supreme Court to set forth the statutory factors it considers in fixing the amount and duration of maintenance and for a determination of counsel fees based on proper proof. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Maintenance.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.