■ PATRICIA HARTNETT, Appellant, v THOMAS E. HARTNETT, Respondent. [722 NYS2d 199] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In this divorce action, Supreme Court erred in failing to make necessary findings with respect to the value of each marital asset distributed to the parties (*see, Haas v Haas,* 265 AD2d 887, 888) and in failing to state the factors it considered in distributing the marital property and the reasons for its decision (*see,* Domestic Relations Law § 236 [B] [5] [g]; *O'Brien v O'Brien,* 66 NY2d 576, 589). The absence of such findings and statement of the court's reasoning precludes intelligent review of the distributive award (*see, O'Brien v O'Brien, supra,* at 589; *Gape v Gape,* 110 AD2d 621, 622). In addition, the court abused its discretion in

precluding the testimony of plaintiff's expert with respect to the value of defendant's dental practice and dental license and the enhancement of the parties' earning capacities attributable to the graduate degrees received during the marriage (*see generally*, *Davis v City of New York*, 273 AD2d 342, 343).

In its decision, the court listed the factors it considered in awarding maintenance to plaintiff but failed to set forth the reasons for its decision (*see*, Domestic Relations Law § 236 [B] [6] [b]). As a result, intelligent review of the amount and duration of the maintenance award also is not possible (*see*, *Otto v Otto*, 150 AD2d 57, 61). In addition, the court failed to explain its application of the "precisely articulated, three-step method for determining child support" pursuant to the Child Support Standards Act (*Matter of Cassano v Cassano*, 85 NY2d 649, 652). It is impossible to determine from the decision the manner in which the court calculated defendant's child support obligation or the parties' pro rata shares of both the basic child support obligation and the future reasonable health care expenses of the child not covered by insurance (*see*, Domestic Relations Law § 240 [1-b] [c] [2], [5]; [f]). In addition, the court erred in failing to articulate its reason for awarding no child support for the amount of combined parental income in excess of $80,000 (*see*, Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Cassano v Cassano*, *supra*, at 655; *Matter of Gianniny v Gianniny*, 256 AD2d 1079, 1081). The court further erred in failing to make the maintenance and child support awards retroactive to the date of the application therefor, i.e., commencement of the action (*see*, Domestic Relations Law § 236 [B] [6] [a]; § 240 [1] [h]; *Lester v Lester*, 237 AD2d 872, 873).

The record supports the contention of plaintiff that the court agreed to consider her application for counsel fees prior to the entry of judgment. Thus, plaintiff is entitled to a determination of that application (*see*, *Zielinski v Zielinski*, 252 AD2d 800, 801). The record, however, fails to support the contention of plaintiff that the court imposed sanctions upon her attorney without affording the attorney an opportunity to be heard (*cf.*, *Flaherty v Stavropoulos*, 199 AD2d 301, 302).

We therefore modify the judgment by vacating the second, third, and fifth through 11th decretal paragraphs, and we remit the matter to Supreme Court for further proceedings not inconsistent with this decision and new determinations with respect to the distribution of marital property, maintenance, child support (*see*, *Arvantides v Arvantides*, 97 AD2d 939, 939-940), and counsel fees. (Appeal from Judgment of Supreme

Court, Erie County, Burns, J., for LaMendola, J., pursuant to CPLR 9002—Matrimonial.) Present—Pigott, Jr., P. J., Green, Pine and Hurlbutt, JJ.