■ ·Fern Eisenberg, Respondent, v Lawrence J. Eisenberg, Appellant. [754 NYS2d 550] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief,

from stated portions of a judgment of the Supreme Court, Westchester County (Marks, J.H.O.), dated September 26, 2000, which, after a nonjury trial, inter alia, (a) awarded the plaintiff child support in the sum of $6,246.30 per month, (b) awarded the plaintiff maintenance in the sum of $5,000 per month commencing January 15, 2006, (c) awarded the plaintiff $1,242,792 together with interest from October 23, 1997, representing the value of her 50% interest in the defendant's law practice, (d) awarded the plaintiff $179,698.20 together with interest from October 23, 1997, representing the value of her 60% share of the defendant's law license, and (e) awarded the plaintiff counsel fees in the sum of $127,195.55.

Ordered that the judgment is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County (Dillon, J.), for new findings of fact, conclusions of law, and a new determination.

The judgment on appeal was entered upon a decision after trial, dated July 15, 2000; the Judicial Hearing Officer who tried the matter has since retired. Unfortunately, the court failed to provide an adequate statement of the reasons for many of its legal determinations. For example, the court awarded child support on the parties' combined income in excess of $80,000 without explaining why (see Rubin v Rubin, 300 AD2d 293). It is also unclear if the court properly valued the husband's law license and legal practice.

According to the representations made at oral argument, there have been additional proceedings in this case before Justice Dillon. In light of Justice Dillon's apparent familiarity with the parties and insight into this case, we deem it provident to take the unusual step of reversing the judgment and remitting the matter to the Supreme Court to review the trial record and make new detailed factual findings, conclusions of law, and a new determination. Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.