■ FRANCIS P. CLERKIN, Respondent, v REBECCA CLERKIN, Appellant. [759 NYS2d 500] —In a matrimonial action in which the parties were divorced by judgment of the Supreme Court, Westchester County, entered May 16, 1995, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Spolzino, J.), entered May 6, 2002, as determined that the plaintiff was entitled to child support and awarded the plaintiff $875 per month plus arrears.

Ordered that order is modified, on the law, by deleting the provision thereof awarding the plaintiff $875 per month plus arrears; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the defendant's child support obligation in accordance herewith, and to set forth the factors considered and the reasons for its determination to apply the statutory formula of the Child Support Standards Act to the combined parental income over $80,000.

The parties entered into a separation agreement in January 1995 governing their respective rights and obligations. Pertinent provisions of the agreement included, among other things, that (1) the plaintiff father would pay $900 per month in basic child support and (2) the parties would share joint legal and physical custody of their minor son. The parties also agreed to reside within a 20-mile radius of their former marital home in Pelham to facilitate the joint custodial arrangement. Pursuant to the express terms of the agreement, the parties' deviated from the Child Support Standards Act (hereinafter CSSA) guidelines for the basic child support obligation because the parties had "joint custody" and the child "reside[d] with them equally."

In June 2001 the defendant mother moved to a suburb of Philadelphia, Pennsylvania, leaving her then 10-year-old son in the physical custody of his father. The parties have not sought a legal change in custody. However, by stipulation, they agreed that the father's obligation to pay child support under the agreement was terminated as of September 1, 2001, until further agreement of the parties or court order.

The Supreme Court properly determined that the father was entitled to child support based upon an unanticipated change in circumstances creating the need for modification of child support obligations (*see Matter of Gravlin v Ruppert,* 98 NY2d 1 [2002]; *Matter of Scomello v Scomello,* 260 AD2d 483 [1999]). Specifically, the father is now the "de facto" custodial parent.

However, the Supreme Court's application of the statutory formula to the combined parental income over $80,000 failed to reflect a careful consideration of the parties' circumstances (*see Matter of Cassano v Cassano,* 85 NY2d 649, 654 [1995]), having failed to set forth the factors it considered with respect thereto (*see Wagner v Dunetz,* 295 AD2d 501, 502 [2002]). Furthermore, the court erred in reducing the father's income by the sum paid for educational expenses of another child who is not subject to this action in the absence of proof that the expenses constituted child support actually paid pursuant to court order or written agreement (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [D]). Thus, we remit the matter to the Supreme Court, Westchester County, for a new determination as to the proper amount of child support, and to set forth the reasons for its determination. Florio, J.P., S. Miller, Goldstein and Adams, JJ., concur.