■ ELIZABETH BARBANES, Appellant, v THOMAS W. SMITH, Respondent. [811 NYS2d 112]—

In a matrimonial action in which the parties were divorced by judgment dated June 14, 1994, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), dated May 13, 2004, as amended by an order of the same court (Snyder, R.) dated April

4, 2005, as, after a hearing, granted the defendant's request for certain credits against his child support arrears, granted that branch of the defendant's motion which was to vacate the child support provisions of the parties' separation agreement, which was incorporated but not merged into the judgment of divorce, and directed her to pay child support in the sum of $1,004 per month for the period from April 1, 2003 to May 31, 2004, and (2) from a judgment of the same court (Shapiro, J.) dated September 23, 2004, which is in favor of the defendant and against her in the principal sums of $10,129, representing certain child support arrears before April 1, 2003, and $13,052, representing child support arrears from April 1, 2003 to May 31, 2004.

Ordered that the appeal from the order, as amended, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof awarding the defendant the principal sum of $10,129, representing certain child support arrears before April 1, 2003, and substituting therefor a provision awarding him the sum of $7,379 for these child support arrears, and (2) deleting the provision thereof awarding the defendant the principal sum of $13,052, representing child support arrears for the period from April 1, 2003 to May 31, 2004; as so modified, the judgment dated September 23, 2004, is affirmed, without costs or disbursements, the order dated May 13, 2004, as amended, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the plaintiff's child support obligation from April 1, 2003 to May 31, 2004, to set forth the factors considered and the reasons for its determination to apply the statutory percentage of the Child Support Standards Act to the combined parental income over $80,000, and the entry of an appropriate amended judgment.

The appeal from the intermediate order, as amended, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order, as amended, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In their separation agreement, the parties agreed, inter alia, that each would, "after joint consultation with one another and only after mutual consent, pay one-half of the costs related to" their children's "music lessons, gymnastics, sports activities, and any other activities whether school-related or not." The

parties further agreed that "the cost of any mutually agreed upon private schooling, psychiatric or other counseling [would] be paid equally by each party."

The Supreme Court fully credited the defendant for one half of all the child-related costs he incurred for the period commencing June 1, 2002 through and including March 12, 2003. However, these expenses included $5,500 for the children's various summer and sports camps which, at the time of the hearing, had not yet been paid for by the defendant and to which the plaintiff had not yet consented. Therefore, the defendant was not entitled to a credit against his child support obligation for one half of these expenses.

The record supports the Supreme Court's implicit conclusion that in all other instances prior to April 1, 2003, the plaintiff was sufficiently consulted about, and either expressly or impliedly consented to, the children's activities, private schooling, and counseling (*see Matter of Sebastiani v Locatelli*, 11 AD3d 701 [2004]). Inasmuch as the plaintiff failed to contribute anything toward these resultant costs, the court properly reduced the defendant's child support arrears by the amount that she should have contributed (*see Krassner v Krassner*, 20 AD3d 509 [2005]) and awarded the defendant judgment for the remaining amount owed by the plaintiff.

Furthermore, under the circumstances, the court properly vacated the child support provisions of the separation agreement, and properly required the plaintiff to begin paying child support as of April 1, 2003, in an amount that would be determined pursuant to the Child Support Standards Act (*see Matter of Gravlin v Ruppert*, 98 NY2d 1, 6-7 [2002]; *Clerkin v Clerkin*, 304 AD2d 784, 784-785 [2003]). However, the court, in determining the plaintiff's child support obligation from April 1, 2003 to May 31, 2004, failed to sufficiently articulate and set forth the reasons why it applied the statutory percentage of 29% (*see* Domestic Relations Law § 240 [1-b] [b] [3] [iii]) to the amount of combined parental income exceeding $80,000 (*see Matter of Cassano v Cassano*, 85 NY2d 649, 654 [1995]; *Eisenberg v Eisenberg*, 302 AD2d 422, 423 [2003]). Thus, we remit the matter to the Supreme Court, Westchester County, to make a new determination as to the plaintiff's child support obligation for that period, set forth the reasons for its determination to apply the statutory percentage to the amount of parental income exceeding $80,000 (*see* Domestic Relations Law § 240 [1-b] [f]), and enter an amended judgment with respect to the plaintiff's arrears for this period of time (*see Clerkin v Clerkin, supra* at 785).

The plaintiff's remaining contentions are without merit. Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.