■ JEANNE SIRGANT, Respondent, v JOHN J. SIRGANT, Appellant. [826 NYS2d 156]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (Green, J.H.O.), dated January 21, 2005, which, after a hearing, inter alia, awarded the plaintiff nondurational maintenance in

the sum of $825 per month, and directed him to pay child support to the plaintiff in the sum of $1,344.17 per month.

Ordered that the matter is remitted to the Supreme Court, Orange County, to report, based upon the evidence and other written submissions of counsel, as to how the Supreme Court calculated the awards of maintenance and child support, and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

The Supreme Court issued a judgment, inter alia, awarding the wife certain maintenance and child support. The parties agreed that such determinations would be made, among other things, based on submissions. However, we cannot ascertain from the judgment what evidence and written submissions the Supreme Court relied upon in making its calculations. Moreover, the court failed to set forth findings of fact and conclusions of law with respect to its calculation of the incomes of the parties, and failed to adequately explain its application of the "precisely articulated, three-step method for determining child support" pursuant to the Child Support Standards Act (*Matter of Cassano v Cassano*, 85 NY2d 649, 652 [1995]; *see* Domestic Relations Law § 240 [1-b] [f]; *see also Barbanes v Smith*, 27 AD3d 404 [2006]; *Lee v Lee*, 18 AD3d 508 [2005]), or the reasons underlying its award of child support (*see Hartnett v Hartnett*, 281 AD2d 900, 901 [2001]). Nor did the court set forth the factors it considered in awarding maintenance to the plaintiff (*see* Domestic Relations Law § 236 [B] [6] [b]). Thus, the matter must be remitted to the Supreme Court, Orange County, to report, based upon the evidence and other written submissions of counsel, as to how the court calculated the awards of maintenance and child support. The appeal is held in abeyance in the interim. Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.