In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the personal needs and property management of Elisabeth S.Z., in which Susan F. was appointed guardian, Leo Z., the husband of Elizabeth S.Z., appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated August 16, 2007, as granted that branch of the guardian’s motion which was to require him to pay tax-free temporary maintenance for Elisabeth S.Z. in the sum of $6,528 per month.
Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for an evidentiary hearing on that branch of the guardian’s motion which was to require Leo Z. to pay tax-free temporary maintenance for Elizabeth S.Z. in the sum of $6,528 per month, and, following the hearing, for a new determination setting forth the findings of fact and conclusions of law upon which it is based.
The Supreme Court granted that branch of the guardian’s motion which was to require Leo Z. to pay spousal support for his wife Elisabeth S.Z., an incapacitated person, without conducting a hearing to ascertain her actual support needs and the impact of a maintenance award upon her eligibility for Medicaid assistance. Furthermore, the court’s order contains no findings of fact or conclusions of law, and does not provide a factual basis for the decision to award spousal support in the amount requested. Under these circumstances, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Queens County, for an evidentiary hearing on that branch of the guardian’s motion which was to require Leo *793 Z. to pay tax-free temporary maintenance for Elizabeth S.Z. in the sum of $6,528, and, following the hearing, for a new determination setting forth the findings of fact and conclusions of law upon which it is based (see Sirgant v Sirgant, 35 AD3d 437 [2006]; Goudreau v Goudreau, 283 AD2d 684 [2001]; Matter of Burke v White, 126 AD2d 838 [1987]). Mastro, J.P, Dillon, Eng and Belen, JJ., concur.