In related proceedings pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Hunt, J.), dated June 20, 2012, as granted the mother’s objection to so much of an order of the same court (Kirschblum, S.M.) dated June 29, 2011, as applied his overpayment of child care expenses as an offset to reduce his child support arrears to the extent of awarding her child support arrears in the sum of $4,042.44, and the mother cross-appeals from so much of the same order dated June 20, 2012, as denied her objections to two orders of the same court (Kirschblum, S.M.), both dated June 29, 2011, denying, after a hearing, her petition for an upward modification of child support and granting the father’s petition to terminate his obligation to contribute toward child care expenses, respectively.
*730 Ordered that the order dated June 20, 2012, is reversed insofar as appealed from, on the law and the facts, and the mother’s objection to so much of the order dated June 29, 2011, as applied the father’s overpayment of child care expenses as an offset to reduce his child support arrears is denied; and it is further,
Ordered that the order dated June 20, 2012, is affirmed insofar as cross-appealed from; and it is further,
Ordered that one bill of costs is awarded to the father.
The Family Court’s award of child support arrears to the mother in the sum of $4,042.44 was improper, as it, in effect, denied the father a credit for an overpayment he made toward child care expenses, retroactive to the date of his petition seeking to terminate his obligation to contribute toward such expenses. The Support Magistrate properly offset the child support arrears by the father’s overpayment of child care expenses (see Grasso v Grasso, 47 AD3d 762 [2008]; Barbaries v Smith, 27 AD3d 404 [2006]; Krassner v Krassner, 20 AD3d 509 [2005]; cf. Dembitzer v Rindenow, 35 AD3d 791 [2006]). Accordingly, the Family Court should have denied the mother’s objection to so much of Support Magistrate’s order as applied the father’s overpayment of child care expenses as an offset to reduce his child support arrears.
The mother’s petition for an upward modification of child support was properly denied under the circumstances presented (see Matter of Heyward v Goldman, 23 AD3d 468 [2005]). Moreover, as the mother did not actually incur child care expenses for the child, who was 17 years old at the time of the hearing, the father’s obligation to pay child care expenses was properly terminated (see Family Ct Act § 413 [1] [c] [4]; McBride v McBride, 238 AD2d 320 [1997]).
The mother’s remaining contention is without merit. Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.