# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

363

CAF 13-01058

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF KARLA BOW, PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

JOSEPH BOW, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

KARLA BOW, PETITIONER-APPELLANT PRO SE.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered August 20, 2012 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's written objections to an order of the Support Magistrate on her petition to modify a prior child support order.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the amount of respondent's annual income and the amount of child support awarded, and as modified the order is affirmed without costs and the matter is remitted to Family Court, Niagara County, for further proceedings in accordance with the following Memorandum: In appeal No. 1, petitioner mother appeals pro se from an order denying her written objections to the order of the Support Magistrate on her petition to modify a prior child support order. In appeal No. 2, the mother appeals pro se from a corrected order that denied in part her written objections to the Support Magistrate's order on her petition alleging that respondent father willfully violated a prior order of support.

With respect to appeal No. 1, we reject the mother's contention that Family Court erred in awarding arrears from October 29, 2010, the date on which she petitioned for arrears and recalculation of child support, rather than from several specified earlier dates (*see* Family Ct Act § 449 [2]; *Matter of Aiken v Aiken*, 115 AD2d 919, 920; *see also Matter of Johna M.S. v Russell E.S.*, 10 NY3d 364, 366). Insofar as the mother's contention invokes equitable principles, we note that Family Court lacks equity jurisdiction (*see Matter of Brescia v Fitts*, 56 NY2d 132, 139).

Next, the mother contends that the court erred in automatically applying the biannual child support recalculation clause in the parties' divorce settlement, which was incorporated but not merged in the judgment of divorce, based on 2011 income. Contrary to the mother's contention, the court did not automatically apply the biannual child support recalculation clause. Rather, the record

establishes that the mother requested a prospective recalculation in her October 29, 2010 modification petition; the mother's petition stated that neither party was opposed to the implementation of the biannual recalculation clause; the mother acknowledged that a recalculation would be needed in order to calculate the parties' current pro rata share of uninsured, unreimbursed medical expenses; and, indeed, the father requested a prospective child support recalculation based on 2011 income.  The record thus establishes that the court's decision to recalculate child support based on 2011 income was based on factors advanced by the parties, and we further conclude that the court's decision did not unfairly prejudice the mother because she had adequate notice thereof and the opportunity to present evidence (*cf. Matter of Revet v Revet*, 90 AD3d 1175, 1176-1177; *see generally Matter of Heintz v Heintz*, 28 AD3d 1154, 1155).  The mother failed to preserve for our review her further contention that the court had previously applied the recalculation clause in an inconsistent manner that favored the father inasmuch as she failed to raise that contention concerning the prior support recalculations in her written objections to the Support Magistrate's order (*see* Family Ct Act § 439 [e]; *Matter of White v Knapp*, 66 AD3d 1358, 1359).

The mother also contends that the court erred in determining the parties' 2011 income by using the proof of income provided by the parties in an inconsistent manner.  We reject that contention.  "A court need not rely upon a party's own account of his or her finances" (*Matter of Rohme v Burns*, 92 AD3d 946, 947), and the court's determination whether to impute income to the obligor spouse "is given great deference on appeal" (*Khaimova v Mosheyev*, 57 AD3d 737, 738).  We further reject the mother's contention that her income determination is inaccurate due to lack of notice and her related inability to present evidence because, as we previously concluded herein, the mother had sufficient notice.  Moreover, the mother had the opportunity to list unreimbursed business expenses in her 2011 financial affidavit, and the court's alleged failure to consider those expenses is attributable to the mother's failure to provide that information to the court.

We agree with the mother, however, that the court erred in determining the father's 2011 income.  It does not appear that the father's 2011 rental income was included in his gross income, and we are unable on the record before us to determine the amount of the father's 2011 rental income (*see McAuliffe v McAuliffe*, 70 AD3d 1129, 1133).  We therefore modify the order in appeal No. 1 by vacating the amount of the father's income as well as the amount of child support awarded, and we remit the matter to Family Court to determine the proper amount of the father's income upon taking into account the amount of his 2011 rental income, and to recalculate the father's resulting child support obligation.  Contrary to the mother's contention, however, both rental income and rental losses are to be considered by the court (*see Matter of Petkovsek v Snyder*, 255 AD2d 960, 960; *see also Matter of Pringle v Pringle*, 283 AD2d 966, 967).  We have examined the mother's remaining contentions in appeal No. 1 and conclude that they are without merit.

With respect to appeal No. 2, we reject the mother's contention that the court erred in finding that the father did not willfully violate a prior support order. The mother did not meet her burden of proving that the father "failed to pay support as ordered" (*Matter of Powers v Powers*, 86 NY2d 63, 69; *see* Family Ct Act § 454 [3]). The receipts presented by the mother to the court relating to alleged uninsured, unreimbursed medical expenses and expenses related to medical appointments were both disorganized and confusing. According to the father, the mother claimed reimbursement for medical expenses paid in cash, but she had also withdrawn large amounts of cash from the father's health savings account. In addition, the mother failed to record whether the expenses related to medical appointments were incurred on a day when either of the children had a medical appointment. Even assuming, arguendo, that the parties' stipulation was intended to cover expenses incurred in the children's hometown of Lockport, a point disputed by the parties, we conclude in any event that the meal receipts claimed as expenses related to medical appointments fall short of the totals sought by the mother in her monthly summaries submitted to the court. Because the father did not willfully violate the order, the decision not to award reasonable counsel fees was properly within the court's discretion (*see* § 438 [a], [b]; *Matter of Nieves-Ford v Gordon*, 47 AD3d 936, 937; *Sampson v Glazer*, 109 AD2d 831, 832), and we note in any event that the mother failed to present evidence of her attorney's limited services sufficient to provide an adequate basis for an award of reasonable attorney's fees. The court did not abuse its discretion in denying the mother's informal request, by way of a facsimile letter, for a further extension in which to submit additional documents to perfect her written objections. "It is well recognized that the [court's] power to control its calendar is a vital consideration in the administration of the courts" (*Headley v Noto*, 22 NY2d 1, 4, *rearg denied* 22 NY2d 973; *see Matter of Bales*, 93 AD2d 861, 862, *lv dismissed* 60 NY2d 554, 60 NY2d 701).

Lastly, we reject the mother's request for reassignment to a different court upon remittal, inasmuch as there was no showing of bias or an abuse of discretion on the part of the court (*see generally* CPLR 5522; *William Kaufman Org. v Graham & James*, 269 AD2d 171, 174).

Entered: May 9, 2014                          Frances E. Cafarell
                                              Clerk of the Court