# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**198**
**CA 14-01381**

PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

BRIAN MURPHY, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

CHRISTINE MURPHY, DEFENDANT-APPELLANT.

---

JUSTIN S. WHITE, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT.

JACK DANZIGER, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Niagara County (Frank Caruso, J.), entered December 20, 2013 in a divorce action. The judgment, among other things, awarded defendant maintenance and child support.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the 2nd, 5th, 6th, 9th, and 10th decretal paragraphs, and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Defendant wife appeals from a judgment of divorce that, inter alia, distributed the marital assets and debt, and awarded her maintenance and child support from plaintiff husband. We agree with defendant that Supreme Court erred in failing to "set forth the factors it considered and the reasons for its decision" relative to the amount and duration of maintenance (Domestic Relations Law § 236 [B] [6] [b]; *see Hendershott v Hendershott*, 299 AD2d 880, 880; *Hartnett v Hartnett*, 281 AD2d 900, 901; *Zurek v Zurek*, 255 AD2d 922, 922). In its decision, the court stated only that it awarded maintenance "based upon the income the parties were earning at the commencement of the action," which is but one of the 20 factors articulated in the statute (*see* § 236 [B] [6] [a]). The court ignored numerous other relevant factors, including the length of the marriage (18 years); defendant's extended absence from the work force; her lack of education and training; her childcare responsibilities during the marriage, including for a child with special needs; and defendant's loss of health insurance upon dissolution of the marriage (*see id.*). It thus cannot be said that the court's maintenance award "reflects an appropriate balancing of [defendant]'s needs and [plaintiff]'s ability to pay" (*Torgersen v Torgersen*, 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709; *cf. Salvato v Salvato*, 89 AD3d 1509, 1510, *lv denied* 18 NY3d 811; *Burns v Burns*, 70 AD3d 1501, 1503).

Moreover, we agree with defendant that there is no evidentiary

support for the court's determination that plaintiff's income at the time of commencement was $89,648, i.e., $70,648 in wages and $19,000 in disability benefits (*see Matter of Borowicz v Mancini*, 256 AD2d 713, 714). Although plaintiff asserted in his postargument submission that his 2010 adjusted gross income was $70,648, he provided no documentary support for that assertion. In addition, the court's computation of plaintiff's income failed to include the $48,000 per year he receives from his naval pension, which was in pay status at the time of commencement (*see generally Matter of Bow v Bow*, 117 AD3d 1542, 1543-1544). The court therefore understated plaintiff's income in determining his maintenance obligation (*see Weinheimer v Weinheimer*, 100 AD3d 1565, 1565-1566). Although "the authority of this Court in determining issues of maintenance is as broad as that of the trial court" (*Reed v Reed*, 55 AD3d 1249, 1251), the record contains no competent proof of plaintiff's income such as pay stubs, financial affidavits, W-2 forms, or tax returns, thus precluding meaningful appellate review (*see Bow*, 117 AD3d at 1544; *Zurek*, 255 AD2d at 922; *Gorzalkowski v Gorzalkowski*, 190 AD2d 1067, 1067). We therefore modify the judgment by vacating the maintenance award, and we remit the matter to Supreme Court to determine plaintiff's income and the amount and duration of maintenance, setting forth the statutory factors it considered and the reasons for the award (*see Bow*, 117 AD3d at 1544; *Borowicz*, 256 AD2d at 714; *Zurek*, 255 AD2d at 922; *Gorzalkowski*, 190 AD2d at 1067).

With respect to the child support award, we agree with defendant that the court failed to make a clear custody determination with respect to the two children, thus hindering meaningful review of the award. In its decision, the court stated that the older child was living with plaintiff and that the younger child was "rotating between both houses equally." At trial, however, both parties testified that they had a "week-on week-off child custody arrangement" relative to both children. In determining child support, the court apparently accepted plaintiff's unsubstantiated assertion in his posthearing submission that the older child had moved in with him and "[would] not be returning to [defendant]'s house." With respect to the younger child, the judgment states that, "by stipulation and agreement, the parties shall share custody of [the younger child] with the [d]efendant being designated the primary residential parent for school purposes." No such "stipulation and agreement" appears in the record before us, and it is unclear whether "primary residential parent for school purposes" also means primary residential custodian for child support purposes (*cf. Johnston v Johnston*, 63 AD3d 1555, 1555). The older child is not referenced in the judgment at all. Even assuming, arguendo, that the court made an implicit custody determination, we agree with defendant that the child support calculation is flawed. The court "failed to explain its application of the 'precisely articulated, three-step method for determining child support' pursuant to the Child Support Standards Act" (CSSA) (*Hartnett*, 281 AD2d at 901, quoting *Matter of Cassano v Cassano*, 85 NY2d 649, 652; *see McLoughlin v McLoughlin*, 63 AD3d 1017, 1019). Among other things, the court failed to set forth the combined parental income or the parties' pro rata shares of the child support obligation (*see McLoughlin*, 63 AD3d

at 1019; *Hartnett*, 281 AD2d at 901), and failed to determine whether to award child support for the amount of combined parental income in excess of the statutory cap (*see* Domestic Relations Law § 240 [1-b] [c] [2], [5]; [f]; *Hartnett*, 281 AD2d at 901).  Inasmuch as the record is insufficient to determine the appropriate amount of child support, we further modify the judgment by vacating the custody determination and child support award, and we direct the court on remittal to make a custody determination with respect to both children and to recalculate child support pursuant to the CSSA (*see Sonbuchner v Sonbuchner*, 96 AD3d 566, 568-569; *McLoughlin*, 63 AD3d at 1019).

Defendant further contends that the court erred in crediting plaintiff for marital debt he allegedly paid.  We agree.  "Domestic Relations Law § 236 (B) (1) (c) provides that outstanding financial obligations incurred during the marriage which are not solely the responsibility of the spouse who incurred them may be offset against the total marital assets to be divided.  However, there must be an offer of proof that the debts constitute marital expenses" (*Feldman v Feldman*, 204 AD2d 268, 270).  Here, the only reference to debt at the hearing was plaintiff's conclusory, self-serving testimony that he "paid off the combined credit card debt."  Plaintiff presented no proof of any such debt or his payment thereof at the hearing, and we agree with defendant that the unauthenticated documents appended to plaintiff's posthearing submission and not received in evidence at trial are not competent proof and, therefore, should not have been relied upon by the court.  Even if we were to accept those submissions as competent proof, as the court apparently did, we would conclude that the documents do not establish (1) that the debt was marital in nature; (2) the amount of the debt; or (3) that plaintiff paid the debt.  We therefore conclude that the court erred in crediting plaintiff $10,000 for his alleged payment of the parties' credit card debt, and we further modify the judgment accordingly (*see Higgins v Higgins*, 50 AD3d 852, 853-854; *Dermigny v Dermigny*, 23 AD3d 429, 430-431; *Phillips v Phillips*, 249 AD2d 527, 528).

We reject the further contention of defendant that the court erred in refusing to distribute plaintiff's disability benefits from the Veterans' Administration (VA).  "[B]ecause VA disability benefits are based solely upon a 'disability resulting from personal injury suffered or disease contracted in the line of duty' (38 USC § 1131) and do not represent deferred compensation (*see*, 38 USC §§ 1114, 1134), such benefits are separate property" and are "not subject to equitable distribution" (*Newman v Newman*, 248 AD2d 990, 990; *see* Domestic Relations Law § 236 [B] [1] [d] [2]; *Ward v Ward*, 101 AD2d 1006, 1007, *lv dismissed* 63 NY2d 770, 68 NY2d 805, *lv denied* 69 NY2d 603).  With respect to plaintiff's naval pension, although the court awarded defendant her *Majauskas* share of those benefits, defendant contends that she is entitled to retroactive payments of those benefits from the date of commencement to the date of the judgment.  That contention is without merit.  The record establishes that defendant had access to the naval pension benefits and used those benefits to pay her bills during the pendency of the action (*see generally Tedesco v Tedesco*, 41 AD3d 1246, 1247).

We agree with defendant, however, that the court abused its discretion in awarding her only $2,000 in attorney's fees given that plaintiff is the monied spouse and there is no evidence in this record that defendant engaged in dilatory tactics (*see Suppa v Suppa*, 112 AD3d 1327, 1329; *Leonard v Leonard*, 109 AD3d 126, 129-130).  We therefore further modify the judgment by vacating the award of attorney's fees, and we direct the court on remittal to reconsider that award in light of the financial circumstances of the parties, including the maintenance and distributive awards (*see generally DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881-882; *McCarthy v McCarthy*, 172 AD2d 1040, 1040).

Finally, we conclude that, contrary to defendant's contention, the court did not abuse its discretion in declining to require plaintiff to obtain life insurance to secure his support obligations (*see generally Bellizzi v Bellizzi*, 107 AD3d 1361, 1364).

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court