Boltz v Boltz (2019 NY Slip Op 08649)





Boltz v Boltz


2019 NY Slip Op 08649


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-12323
 (Index No. 18542/12)

[*1]Susanne Boltz, appellant,
v
Michael Allen Boltz, respondent.


Mejias, Milgrim & Alvarado, P.C., Glen Cove, NY (David Mejias, Randi Milgrim, Katherine Lindo, and Jamie Rose Hersh of counsel), for appellant.
The Guttman Law Group LLP, Melville, NY (Robin N. Guttman of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), entered September 29, 2016. The judgment, insofar as appealed from, upon a decision of the same court (John C. Bivona, J.) dated December 28, 2015, made after a nonjury trial, (1) directed the defendant to pay the sum of only $1,000 per month in child support until the parties' youngest child was emancipated, (2) directed the parties to equally share the children's unreimbursed medical, dental, and health care expenses, (3) failed to require the defendant to pay a share of the cost of the children's health insurance and child care expenses, (4) awarded the defendant 60% of the cash surrender value of his life insurance policies, to be used as a credit against his child support obligation, (5) failed to require the defendant to maintain a life insurance policy to secure his child support obligation, (6) failed to award the plaintiff maintenance, and (7) failed to award the plaintiff counsel fees.
ORDERED that the judgment of divorce is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for new determinations of (1) the defendant's child support obligation, (2) the parties' respective shares of the children's unreimbursed medical, dental, and health care expenses, the cost of the children's health insurance, and child care expenses, (3) whether the defendant must maintain a life insurance policy to secure his child support obligation and, if so, the appropriate value of said policy, (4) the plaintiff's request for maintenance, and (5) the plaintiff's request for an award of counsel fees, and the entry of an appropriate amended judgment of divorce thereafter; and it is further,
ORDERED that pending the new determinations, the defendant is directed to pay child support to the plaintiff in the sum of $1,000 per month and to pay 50% of the children's unreimbursed medical, dental, and health care expenses.
The parties were married on July 3, 1990, and have two children. The plaintiff commenced this action for a divorce and ancillary relief by filing a summons with notice on June 18, 2012.
The parties entered into a stipulation of settlement dated April 18, 2014. The stipulation of settlement stated that it was in full satisfaction of all of the parties' rights "except for [*2]the issues of the amount of money Husband will be required to pay Wife as and for a final award of i) child support and spousal maintenance payments, ii) contribution towards health insurance coverage, day care, educational expenses and unreimbursed medical expenses as it relates to the children and Wife, and iii) counsel fees that will accrue from the date of the execution of this Stipulation until and including the trial of this matter; and what HUSBAND's obligations, if any, to reinstate prior life insurance policies referenced herein."
A nonjury trial was held on five days in March 2015. In a decision dated December 28, 2015, the Supreme Court directed the defendant to pay the sum of $1,000 per month in child support until the youngest child was emancipated and to pay 50% of the children's unreimbursed medical, dental, and health care expenses. The court awarded the defendant 60% of the cash surrender value of his life insurance policies, to be used as a credit against his child support obligation, but was silent on whether the defendant was required to maintain a life insurance policy to secure his future child support obligation. In addition, the court denied the plaintiff's requests for maintenance and an award of counsel fees. A judgment of divorce was entered upon the decision on September 29, 2016. The plaintiff appeals from the judgment of divorce.
The Child Support Standards Act (Domestic Relations Law § 240[1-b]; hereinafter CSSA) "provides a precisely articulated, three-step method for determining child support'" (Elias v Elias, 101 AD3d 938, 939, quoting Matter of Cassano v Cassano, 85 NY2d 649, 652). This three-step process includes (1) computing a combined parental income, (2) multiplying that income, up to a certain income cap, by a specific percentage, and (3) determining the amount of income that should be considered for child support purposes if the combined parental income exceeds the income cap (see Matter of Cassano v Cassano, 85 NY2d at 653).
The Domestic Relations Law provides that reasonable health care expenses not covered by insurance, the cost of health insurance, and child care expenses should be allocated "in the same proportion as each parent's income is to the combined parental income" (Domestic Relations Law § 240[1-b][c][4], [5][ii]; see Domestic Relations Law § 240[1][d]).
Here, the Supreme Court failed to compute a combined parental income or calculate how it arrived at its determination of the defendant's basic child support obligation or pro rata proportion of the children's reasonable unreimbursed health care, health insurance, and child care expenses. As such, we remit the matter to the Supreme Court, Suffolk County, for a recalculation of these obligations (see Roma v Roma, 140 AD3d 1242, 1245; Murphy v Murphy, 126 AD3d 1443, 1445-1446; Beroza v Hendler, 71 AD3d 615, 617; McLoughlin v McLoughlin, 63 AD3d 1017, 1019; Sirgant v Sirgant, 35 AD3d 437, 438; Hartnett v Hartnett, 281 AD2d 900, 901).
Similarly, we cannot, on the record before us, determine the propriety of the Supreme Court's decision to deny the plaintiff's request for maintenance (see Carlin v Carlin, 217 AD2d 679, 680). The court failed to adequately explain the reasoning behind its determination denying the plaintiff's request for maintenance, and it did not articulate how it calculated the parties' respective incomes, or what those incomes were. As such, "intelligent review of the amount and duration of the maintenance award . . . is not possible" (Hartnett v Hartnett, 281 AD2d at 901), and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the plaintiff's request for maintenance.
The Supreme Court erred in awarding the defendant 60% of the cash surrender value of life insurance policies that were no longer in effect. "[P]arties may by stipulation shape the facts to be determined at trial and thus circumscribe the relevant issues for the court to the exclusion of other disputed matters which would be available to the parties in the absence of a limiting stipulation" (Nishman v De Marco, 76 AD2d 360, 368; see Dental Health Assoc. v Zangeneh, 80 AD3d 724, 724). Pursuant to the parties' stipulation of settlement, the issue of the equitable distribution of any life insurance policies was not before the court.
However, " [t]he plain language of [Domestic Relations Law § 236(B)(8)(a)] expressly provides that life insurance may be used as a means to secure maintenance and child support payments, so that dependent spouses and children will be adequately protected'" (Matter of [*3]Moran v Grillo, 44 AD3d 859, 861, quoting Hartog v Hartog, 85 NY2d 36, 50; see Marfone v Marfone, 118 AD3d 1488, 1489; Corless v Corless, 18 AD3d 493, 494). As such, we remit the matter to the Supreme Court, Suffolk County, to determine whether the defendant should be required to carry a life insurance policy to secure his child support obligation and, if so, the appropriate amount of said policy.
Finally, the Supreme Court failed to provide a "detailed inquiry" of the circumstances of the case required in making a counsel fee award determination (Duval v Duval, 144 AD3d 739, 743). Furthermore, the court provided no indication as to how the defendant overcame the presumption that the plaintiff, the nonmonied spouse, should be awarded counsel fees (see Domestic Relations Law § 237[a]). As such, we remit the matter to the Supreme Court, Suffolk County, for a new determination of the plaintiff's request for an award of counsel fees.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court